By the Court,
G-aevin, J.
The important question in this case was whether the note in question was a valid and subsisting evidence of indebtedness against the defendant, or whether it had been canceled and the four months’ note substituted for it. If this was so, the plaintiff could not recover. But the plaintiff denied this, and insisted and gave evidence to prove, that after the four months’ note was given, and on the same day, the note in suit was signed by the defendant instead of one for two months, and that it was the two months’ note which was destroyed. Thus the case was presented. It therefore became necessary to determine the original amount of indebtedness to the plaintiff before any notes were given by the defendant. The court allowed both parties to show how the indebtedness originated; what it was for, and how they arrived at the amount. It was conceded by both parties that the four months’ note for the sum of $249.97 was paid at maturity. There was no pretense that these parties ever had any other dealings than such as grew out of the one purchase and sale of a stock of goods. If the amount of this note was all the defendant agreed to pay the plaintiff for the goods, this would be conclusive against the plaintiff—he had sold his goods and got his pay—but if the stock of goods amounted to twice this sum, that would furnish a reasonable explanation for the plaintiff having had two notes against the defendant, instead of one. To elucidate and explain the transaction, the inventory taken by a third person in the presence of the parties and copied in their presence, was put in evidence, under objection by the defendant, on the ground that the book *89 from which the leaves were torn was not produced; This is the only ground of objection ; which we think untenable. For aught that appears, the book from which it was torn might have been an entire blank in all else but the inventory. The inventory shows the whole amount of stock sold to the defendant to have been $718.90 ; bills to be paid by the defendant, $219.60; leaving a balance of $499.30 due the plaintiff, which being divided into equal sums is within a trifle of the exact amount for which each of these notes was given, each being for $247.97. It was proved the balance was struck upon this inventory, and it was divided into two notes. We think the learned, justice who tried this cause decided correctly in denying the motion to dismiss the complaint, and we are also of opinion that the verdict is clearly and fully supported by the evidence. The other objections and exceptions made and taken in the case are immaterial.
The judgment should be affirmed, with costs.