No. 1943.—STATE OF LOUISIANA, ex. rel. J. W. CREAGH *v.* THE JUDGE OF THE SEVENTH JUDICIAL DISTRICT, Parish of Avoyelles.

In a proceeding by mandamus to recover possession of the books, keys, &c., in which the office of sheriff is kept, the party against whom the writ is directed must show an interest in the possession of such property exceeding five hundred dollars to entitle him to a suspensive appeal from the judgment ordering him to deliver possession to the claimant.

APPEAL from the Seventh Judicial District, parish of Avoyelles. *Miller, J. E. North Collum* and *E. W. Grant* for relator. *G. Merrick Miller,* respondent, in personam.

HOWELL, J. The petitioner avers that J. J. Ducoti, alleging himself to be the legal acting sheriff of the parish of Avoyelles, obtained from the District Judge a writ of mandamus, which was made absolute, ordering petitioner, who was then the duly elected, qualified and acting sheriff of said parish, to surrender to said Ducoti the office-room, keys, books and papers of said sheriff's office, thereby enjoining petitioner, by compelling him to vacate his office, whilst he held a valid commission therefor, by virtue of which and a former judgment of the said judge, he had given bond and qualified according to law; that he

State of Louisiana, ex. rel. J. W. Creagh v. The Judge of the Seventh Judicial District, Parish of Avoyelles.

immediately applied for a suspensive appeal from said order, which was refused and instead thereof a devolutive appeal was granted; that the matter in dispute exceeds one thousand dollars, and having complied with the law, he is entitled to a suspensive appeal, and he prays for a writ of mandamus directing the said judge to grant it to him.

In answer, the judge admits the allegations of the petition, except that said Creagh was, at the date of the application, the lawful sheriff of Avoyelles, or was injured by the order complained of; and he alleges that at said date a suit, instituted by said J. J. Ducoti, contesting petitioner's right to said office, had been duly tried before respondent and a jury, a verdict given in favor of said Ducoti and a judgment rendered thereon, which had become final between the parties and from which, by law, no appeal could be allowed; that thereupon a commission was issued by the Governor to said Ducoti; that the order complained of was only and substantially carrying into effect the final judgment in the said contested election case, and a suspensive appeal as asked for would be an indirect manner of obtaining a suspensive appeal from said final judgment, which was not appealable; and he refers us to the act of 1855, relative to elections, pp. 415, 416, §§ 44, 46, for the law declaring such judgments final and authorizing the Governor to issue a commission as stated.

While the judge is in error as to the law relative to appeals in contested election cases (see Acts 1856, p. 9; Acts 1868, p. 220) his answer states sufficient reasons to justify his conduct. From the showing made, the petitioner, if he has not acquiesced therein, has permitted the judgment in the contested election case to become executory and he cannot in this indirect manner stay its execution. He does not, besides, show that the office-room, keys, books and papers are his property or that his pecuniary interest therein exceeds five hundred dollars. The allegation that the matter in dispute exceeds one thousand dollars does not change the legal status of the said room, keys, books and papers pertaining to the sheriff's office, nor show his interest therein to be of such value. The facts do not show such interest as to sustain the jurisdiction of this court.

It is ordered that the rule taken herein on the twelfth December, 1868 be discharged with costs.