No. 4.—STATE OF LOUISIANA *v.* A. JACKSON, E. SMITH et al.

## ON REHEARING.

The statute of the State of Louisiana of 1855, authorizing prosecutions by the District Attorney on information, is not in conflict with the fifth amendment to the Constitution of the United States, which declares "that no person shall be held to answer for a capital or other infamous crime, unless on a presentment or indictment by a grand jury." The restriction by this amendment to the Constitution of the United States has no application to the State courts.

APPEAL from the Ninth District Court, parish of Rapides. *Lewis, J. Pierson,* District Attorney, appellant. *M. Ryan,* for defendants and appellees.

WYLY, J. The State has appealed from a judgment rendered in favor of the defendants, quashing a bill of information, in which they are charged with an assault with intent to murder James M. Hays.

The proceeding was excepted to on the ground that the crime charged being infamous could not be prosecuted by bill of information, but could only be by indictment or presentment of a grand jury, according to the fifth amendment of the Constitution of the United States, which says that no person shall be held to answer for a capital or other infamous crime, unless on a presentment or indictment by a grand jury.       *       *       *

There is no pretense that the form of the prosecution is irregular or contrary to the constitution and laws of this State, but it is contended that the act of 1855, and the constitutional provision of this State authorizing the proceeding, are both in violation of the article of the Constitution of the United States referred to, and consequently null and void.

To this proposition we cannot assent.

This court has often recognized the validity of prosecutions of this character.   State v. McGinnis, 12 A. 743; State v. Kerr, 13 A. 243; State v. Mullen, 14 A. 570.

In the State v. Ross (14 A. 364), where the grand jury had refused or failed to present an indictment, it was held that the State was not barred, and the prosecution by bill of information could be maintained.

The law upon which the bill of information is founded is not violative of the fifth amendment of the Constitution of the United States.

It is now settled that this amendment of the Constitution of the United States does not extend to State courts; it is exclusively a restriction upon Federal power, "intended to prevent interference with the rights of the States and of their citizens." Fox v. Ohio, 5 How. 434; Livingston's Lessee v. Moore, 7 Pet. 551; Barron v. Mayor of Baltimore, 7 Pet. 243.

It is therefore ordered that the judgment appealed from be annulled; that the motion to quash be set aside, and that the cause be remanded, to be proceeded in according to law, the defendants paying costs of appeal.