State ex rel. Nathan Schwab v. Judge of the Second Judicial District.

No. 2447.—STATE OF LOUISIANA, ex rel. NATHAN SCHWAB, v. THE JUDGE OF THE SECOND JUDICIAL DISTRICT.

22 49
f120 265

From a judgment of the District Court suspending the sheriff from office under the act of 1868, No. 123, the party suspended must show by evidence to entitle him to a suspensive appeal that the amount involved is above five hundred dollars.

In order to obtain the writ of mandamus to compel the District Judge to grant a suspensive appeal from a judgment suspending him from office, the relator must show that he has made the requisite proof of the amount involved before the judge *a quo* to give the appellate court jurisdiction. Diamond *v.* Cain, 20 An. 575.

An affidavit or other proof made in the Supreme Court on the application for a mandamus, will not authorize the issuing of the writ.

The value of the books, papers, fixtures, and furniture of the sheriff's office can not be estimated in determining the interest necessary to give the Supreme Court jurisdiction of the appeal from a judgment suspending him from office.

APPLICATION for a Writ of Mandamus.—Parish of Jefferson.

*Preston & Labatt* and *Alex. Walker,* for relator. *Don A. Pardee,* Judge.

HOWELL, J. This is an application for a writ of mandamus to compel the judge of the Second Judicial District Court for the parish of Jefferson to grant the relator a suspensive appeal from a judgment suspending him from the discharge of his duties as sheriff of said parish, rendered in a proceeding instituted in said court against the relator under and by virtue of act No. 123 of 1868, entitled "An Act defining more particularly the duties of sheriffs, coroners, constables and clerks of courts, and providing penalties for their failure to perform their duties and for contempt of court, and the power of judges over such officers," for default, refusal and neglect to perform his official duty as sheriff.

The judge, in answer to the rule herein, states the following, among other reasons to justify his conduct, to wit:

"If said proceedings be of a civil nature, or of a nature of which this court could take cognizance, the amount involved in the cause was not sufficient to confer jurisdiction; the question at issue in said proceedings was, default or no default on the part of relator as sheriff in the performance of his official duties; the suspension from office was a mere sequence of the default, or a penalty imposed for said default; the value of the office from which the relator was suspended by the judgment constitutes no criterion of the right of appeal, as these proceedings are not and were not a contestation for the office itself; no one is claiming the office in these proceedings adversely to the relator.

"No affidavit has ever been filed or proof administered at the time said suspensive appeal was prayed for or since, in the inferior court, on which to base the right of appeal, so far as amount is concerned."

In the petition for appeal presented to the judge *a quo* the relator alleged that "a final judgment has been rendered suspending him from exercising his office, and by consequence depriving him of his fees and emoluments of office, which amount to a sum exceeding five hundred.

7

dollars; that the original proceeding herein involved a matter in dispute exceeding five hundred dollars, and that the judgment moreover ordered the transfer of personal property belonging to petitioner worth over five hundred dollars, to his (so-called) successor in office."

These allegations were not supported by the affidavit of the petitioner or other evidence, beyond what was in the record, which shows that the question at issue, the matter in dispute, was whether or not the petitioner had performed his duty as sheriff in the matter before the court. The judge found that he had not, and rendered judgment enforcing the penalty prescribed by the fourth section of said act No. 123, to wit: Suspension from the discharge of the duties of his office until the action of the Legislature be had in the premises according to law; and further, that the said office of sheriff, fixtures and papers *thereof*, be surrendered instanter to the fficer hereafter to be designated by the court, as provided by said section. The judgment does not order the surrender or transfer of any personal property belonging to the relator, but simply the fixtures and papers *f the sheriff's office* (with said office), in which fixtures and papers, as has been held, he has not such a pecuniary interest as to confer jurisdiction on this court; and there is no evidence that the fees and emoluments of the office, during the suspension, would be worth over five hundred dollars, and there is nothing in the law to inform the judge on this subject. We are not aware of any law or any relation between a judge and a sheriff which would make the former know the amount of the latter's fees in any given time. Those are matters of proof.

If we look to the matter strictly in dispute in this controversy, it is difficult to see any basis for the right of appeal. If we look to the penalty imposed as a criterion of the right of appeal, there was othing before the judge, at the time the appeal was prayed for, by which the amount involved was established or could be ascertained. The mere allegations of the petitioner were not sufficient, and the judge was justified in refusing the appeal. See State *v.* Legarde, 21 An. 18; State ex rel. Creagh *v.* Judge f Seventh Judicial District.

It was in the power of the petitioner and relator to adduce the necessary proof, and having failed to do so, he has no legal ground to complain of the judge in refusing the appeal.

But it is contended that, because the relator has made an affidavit before this court, that the judgment works him an irreparable injury, involves his right to an offic ) worth over five hundred dollars, fees and emoluments over five hundred dollars, and personal property in said office worth over five hundred dollars, and that the matter in dispute exceeds five hundred dollars, this court has jurisdiction, and he is entitled to the writ of mandamus.

This is by no means a legal *sequitur*. It is only where appeals have been granted and motions are made in this court to dismiss them for

want of jurisdiction as to amount, that appellants have been permitted in certain cases, to establish by their *ex parte* oath that the matter in dispute exceeds five hundred dollars. This rule, however, has never been, and should not be, applied in applications for mandamus to compel the inferior judge to grant an appeal. *Non constat* that he would refuse if the proper affidavit or proof were presented to him. And it is only when the judge wrongfully refuses an appeal that a mandamus should issue to him. If he had a good reason, at the time, for his refusal, he is not at fault, and we can not sanction the practice of applying to this court for these summary writs, when parties have failed to put themselves right in the inferior tribunals before coming to us. In this case the judge *a quo* refused the appeal expressly on the ground that the record does not show that an appealable amount is involved.

It the case of the State ex rel. Cain *v.* The Judge of the Sixth District Court, 20 An. 575, the affidavit was presented in the first instance to the inferior judge, and came up to this court as a matter passed on by the judge below. To adopt the rule contended for in this respect, would be to exercise original jurisdiction in this court.

We are constrained to the conclusion that the district judge has stated a sufficient reason to justify his conduct, and that the complaint of the petitioner should be dismissed at his costs, and it is so ordered.

Chief Justice Ludeling and Justice Wyly absent.