State ex rel. Newman, District Attorney, et al., vs. Hayles.

No. 8080.

STATE OF LOUISIANA EX REL. NEWMAN, DISTRICT ATTORNEY, ET AL., VS. BEN. HAYLES.

32 1135
f120 265

This Court will take notice *ex proprio motu* of the unappealable amount of the matter in dispute and dismiss the Appeal.

APPEAL from the Sixth Judicial District Court, parish of West Carroll. *Brigham*, J.

D. J. Norwood, E. F. Newman, District Attorney, and J. C. Egan, Attorney General, for Plaintiffs and Appellants.

David Todd, T. J. Polk and Spencer & White, for Defendant and Appellee.

The opinion of the Court was delivered by

TODD, J.    There is a motion to dismiss the appeal in this case, on the ground that the transcript was not filed on the return day fixed by the court.

We find it unnecessary to pass upon this motion, for we are met at the threshold with a graver question touching our jurisdiction of this case, which we must notice *proprio motu*.

The case is one of contestation for the office of Police Juror for the parish of West Carroll, under the intrusion act.

The appellate jurisdiction of this Court is limited, by the express terms of the Constitution, to cases where the matter in dispute exceeds one thousand dollars, exclusive of interest; to suits for divorce and separation from bed and board; to cases where the constitutionality or legality of any tax, toll or imposts, or fine, forfeiture or penalty imposed by a municipal corporation is in contestation, without regard to amount, and to questions of law in certain criminal cases.    This is the full extent of our appellate jurisdiction.

Does the case at bar fall within the limits prescribed?

The personal interests of the relator must be measured by the amount of the salary involved in the contest together with the damage claimed in the petition.    These constitute the matter in dispute between these litigants.

The salary or *per diem* of a police juror, for his entire term of office, is far below the prescribed amount; and the damage claimed, which is only one hundred dollars, does not raise it to the sum required to invest this Court with jurisdiction.

It has been suggested, however, that the nature of this case, on account of its involving an important public interest, and the right to an office in which the people of an entire parish are interested, is sufficient to give jurisdiction.

We cannot recognize this doctrine. The matter in dispute—the language of the Constitution—means, according to the plainest rule of construction, the pecuniary interest involved ; and the question of jurisdiction must be tested and determined by the money value of what is claimed in the petition. The jurisdiction of this Court is limited and defined in precise terms by the Constitution—the instrument that created it—and is not to be enlarged or extended by implication ; and we cannot go beyond these express limitations without usurpation.

Besides the simple claim of one hundred dollars made in the petition for damages, there is no allegation therein nor evidenced *aliunde* by affidavit, or otherwise, to show the value of the matter in dispute.

And this is the settled jurisprudence of this Court on a similar question arising under previous constitutions.

Hubert vs. Auvray, 6 L. 598.

State ex rel. Belden vs. Markey, Kaiser et al., 21 A. 743.

State ex rel. Steinberg vs. Lagarde, 21 A. 18 ; State ex rel. Creagh vs. Judge Seventh District Court, 21 A. 108 ; State ex rel. Creagh vs. Judge Second District Court, 22 A. 49.

We are satisfied from this view of the subject, that this Court is without jurisdiction in the case *ratione materiæ*.

That we are bound to notice this fact in our motion and act upon it is not an open question.

It is, therefore, ordered that the appeal be dismissed at the appellants' costs.