State ex rel. Buckner et al. vs. Jastremski et al.

No. 8092.

STATE EX REL. BUCKNER ET AL. VS. JASTREMSKI ET AL.

This Court has no appellate jurisdiction over a suit between the contestants for a public office to which no salary or pecuniary perquisite is attached. Decision in State *ex rel.* Newman et al. vs. Hayles, 32 An., 1135, affirmed.

APPEAL from the Seventeenth Judicial District Court, parish of East Baton Rouge. *Sherburne,* J.

---

*J. C. Egan,* Attorney General, *D. N. Barrow, John H. Lanson* and *Herron & Beale* for Relators and Appellants.

First—In the action under the intrusion and usurpation law the State is, at times, the *sole* plaintiff, and always *the* plaintiff. The injured person, although his name must be joined to the proceeding, may not be a party; but, when made a party, he is so incidentally and secondarily.

Second—The pecuniary compensation allowed to the officer is not *the* matter in *dispute,* no more than the value of the office to him appreciable in money. ,It is the interest of the State as *the* prominent plaintiff that is *the* matter in dispute; and the interest of the person injured, joined as a secondary party, can be considered only as an addition to the matter in dispute.

*C. C. Bird, Beale & Goodale* for Defendants and Appellees.

The proceeding under the Intrusion Act being of a civil nature, the jurisdiction of the Court *ratione materiæ* must be determined as in all other civil matters. When the office in dispute is shown to be one without salary, fee or emoluments, the Supreme Court is without jurisdiction *ratione materiæ.* Criterion, in all cases of right to appeal, is the amount involved. Mere allegations of petition insufficient to establish amount.

Suit must fail when relators do not allege in themselves any right of property; assert no personal interest; nor make any allegation that the interests of the University or public are endangered.

The State is only interested to the extent of seeing that all public offices are filled by persons legally appointed and qualified. In all proceedings under the "Intrusion Act," the parties defendant may show any fact which in law may perfect their title to office. The State cannot, by allying herself with a relator claiming office, place the defendants at any disadvantage.

---

The opinion of the Court was delivered by

FENNER, J. This is a suit under the intrusion-into-office act, the sole question involved being whether the relators or the defendants are lawfully entitled to hold and exercise the offices of supervisors of the Louisiana State University and Agricultural and Mechanical College.

No salary or pecuniary perquisite of any kind is attached to the offices in controversy. The same question of jurisdiction *ratione materiæ* which presented itself in the case of State *ex rel.* Newman *et al.* vs. Ben. Hayles, recently decided, meets us here.

In that case, involving the title to the office of police juror of a parish, we declined jurisdiction, only after a most careful consideration

of our constitutional duty, of judicial precedents, and of all the grave consequences directly or indirectly flowing from our decision.

These considerations have now been again carefully reviewed by us, and our conclusions are only strengthened thereby.

The intrusion-into-office act had rested on the statute-books of the State for eleven years prior to the adoption of the Constitution of 1879. It had been repeatedly decided, under the previous Constitution, in suits brought under that very act, that the pecuniary interest involved was the amount of the salary of the office in dispute, and such was the test of the appellate jurisdiction of this Court.

This doctrine was never questioned, except by a mere *obiter dictum* of the majority of the Court in the famous Returning Board case, 25 A. p. 8, by which they advanced the doctrine that if the cause were, in their opinion, important and involving the interests of the people, they would not "refuse to entertain jurisdiction, even if there were no pecuniary interest shown." The effect of such *dictum* is to abrogate the mandate of the Constitution, and to set up a different test of jurisdiction based upon the Court's own idea of the *importance* of controversies. This would be contrary to the Constitution and to settled jurisprudence, and was substantially abandoned by that Court itself in the case of State *ex rel.* Simmons vs. Vargas, 28 A. 342, where it unanimously declined jurisdiction of a controversy involving the offices of councilmen of the city of Natchitoches—certainly one of great importance, and involving the interests of the people—upon the express ground that "there is no pay attached to said offices."

Such being the state of jurisprudence under the intrusion act, as construing the criterion of jurisdiction in controversies arising thereunder, the Constitution of 1879, in defining the jurisdiction of this Court, has not changed it in any manner which prevents or affects the application of these judicial precedents.

Apart from the plainness of the language of the Constitution, and even if we could consider it as ambiguous, we could not, without violating settled rules of construction, avoid giving it an interpretation consonant with that applied up to the time of its adoption to the similar provisions of former Constitutions.

The interest of the State to maintain this appeal on the ground that the Board of Supervisors are intrusted with the distribution of public funds exceeding $20,000, is not different from the interest set up by the City of New Orleans in the case of State *ex rel.* Belden vs. Markey *et al.* 21 A. 743, and there held to furnish no basis of jurisdiction. That case involved the titles to the offices of Aldermen and Assistant Aldermen of New Orleans. The city averred and made affidavit that the whole revenues and property of the city, amounting to millions of dollars, were

to be administered and disbursed by the officers concerned, and, on that gound, claimed the right to appeal. But the Court said: "We have examined the record in vain to ascertain what the pecuniary interest of the city is in this suit. * * How can any pecuniary interest be said to be involved in this case, when there are neither salaries, fees nor perquisites attached to the offices which are the subject of the suit?"

We do not regard the State as interested, on one side or the other, in this controversy, or that she asserts the rights of either set of claimants; or that she is any more aggrieved by a decision in favor of defendants than she would be if the decision had been in favor of relators. She has no interest except to end controversy.

It is said, however, that one of the relators, D. F. Boyd, has an appealable interest, because he held the office of superintendent. Evidently it is not this office which is in controversy here, but merely the offices of supervisors who are empowered to appoint such superintendent. Col. Boyd has no *right* to the appointment, unless chosen by the voluntary action of the Board; *non constat* that he would receive the appointment from the relators more than from defendants.

The case cannot, in any respect, be differentiated from the Hayles case, which was brought under the intrusion act, though there the cumulative remedies of injunction and *quo warranto* were invoked—whether properly or not, is immaterial here.

It is, therefore, ordered that this appeal be dismissed at appellants' cost.

---

## ON APPLICATION FOR REHEARING.

FENNER, J. The learned and ingenious brief of counsel for relators, after receiving our earnest consideration, fails to convince us that there is involved in this controversy a "matter in dispute or fund to be distributed exceeding one thousand dollars exclusive of interest." Save in certain enumerated cases, of which this is not one, the Constitution has fixed a purely pecuniary standard by which our appellate jurisdiction is measured and defined. We cannot, and will not, supplant this standard by another of our own creation.

We approve and follow the doctrine of the first Supreme Court of Louisiana, as announced by its great Chief Justice: "In our opinion, no Court should be more scrupulously cautious than this of overleaping its constitutional and legal barriers, because it is a Court of final resort and no other Court can correct its abuses. Let authority be once assumed under the pretense that it is impliedly granted, and liberty must soon make room for arbitrary power."

Laverty vs. Duplessis, 2 M. 57.

Far better that the most important controversies should submit to the determination of inferior tribunals, than that this Court should set the pernicious example of overstepping the limits of the powers conferred upon it by the Constitution.

The rehearing is refused.

Levy, J., absent.