Statement of the Case.
NICHOLLS, C. J.
On the 24th of November, 1902, relator wrote a letter to the defendant, the sheriff and ex officio tax collect- or of the parish of St. Mary, to the following-effect:
“Enclosed please find one dollar the amount of my poll tax for the year 1902. You will please deliver my receipt to the bearer and oblige yours truly. W. J. Young.”
This letter, with $1 bill, inclosed in an envelope addressed to the sheriff and tax collector, vyas handed by relator to P. C. Marsh, with instructions to deliver the same, and obtain in return the writer’s tax receipt for 1902.
The deputy tax collector of St. Mary, under instructions from the tax collector, refused to receive payment of the poll tax from. Marsh and deliver the tax receipt to him, declaring relator would have to apply in person or through the mail. Relator then filed a petition in the district court, to which he annexed, as part thereof, the letter and the dollar note referred to, and, .under appropriateaverments, prayed that a rule issue to the sheriff and tax collector to show cause why a writ of mandamus should not issue, and be-made peremptory, requiring him to accept the dollar tendered him, as stated, in payment of his poll tax for 1902, and to issue therefor to his duly authorized agent a proper receipt, and that upon trial the rule be made absolute, and the mandamus peremptory. The defendant, after filing some exceptions, pleaded a general denial.
He then averred: That, owing to the constitutional provisions regulating suffrages in the state of Louisiana, it was necessary that any person desiring to vote should produce the poll-tax receipts for two years preceding-that in which he offered to vote. That, on account of this constitutional provision, tax receipts had become very valuable, and those-persons who were entitled to them under the law had become very careful in obtaining and preserving them. That, under the law, it was his duty to issue tax-poll receipts, and, knowing the value of the same, and the-scrupulous care taken by all persons to get and keep them, and in order to prevent the poll-tax receipt of one person from falling into the hands of a person other than the owner, and in order to prevent ward politicians from gathering up the poll-tax receipts, and thus influencing the votes of their owners at elections, he had made it a rule of his office that any one desiring a poll-tax receipt must either apply in person or make application by letter through the mail for the same. That relator was perfectly able to comply with the rules established in the office. That-he was neither sick, lame, nor blind, and, had he been either of these, he was still left open the right to obtain the receipt by simply addressing a letter to the sheriff and inclosing *191 the dollar note. That the rule announced was just and equitable, and its working was not a denial of justice to any one, but that every citizen in St. Mary entitled to a poll-tax receipt could obtain the same without having recourse to a mandamus. '
That while it was his duty to deliver poll-tax receipts to all persons entitled to the same when he was paid for them, the manner of complying with this duty was one strictly within his discretion, and he could not be forced by mandamus or otherwise to alter the rule established in the office to suit the whim of every person who might differ with him as to how he should conduct the affairs of the office. That there was no legal obligation on him to deliver the poll-tax receipts of any person to any one other than the person entitled to receive the same. That while there was no ministerial duty on his part to deliver receipts on orders, or even send them through the mail, yet, in order to facilitate persons in securing them, and deeming it safe so to do, he had mailed said tax receipts.
That he had never at any time refused to deliver to relator the poll-tax receipts to which he was entitled, and he stood ready at all times' to deliver the same whenever he should comply with all the rules established in the sheriff’s office, and that he then formally offered to deliver to relator his receipts, which he attached to his answer, upon payment of $1. He prayed that the writ be discharged, and relator’s mandamus dismissed.
The district court rendered judgment in fa-L vor of the relator against defendant, making the rule applied for absolute, at respondent’s costs, and decreeing that the writ of mandamus be made peremptory.
Defendant appealed.
Opinion.
The first question which presents itself for our consideration is the appealable interest of the sheriff and appellant in this matter.
Assuming that the tax collector had the discretion to have acted originally as he did, he certainly has no interest to appeal from a judgment in a particular case or action, rendered at the instance of the party himself entitled to have the payment made, which ordered him to receive the payment and deliver the receipt to a designated agent. The relator in the present case is the party himself who was entitled, admittedly and beyond dispute, to have the payment made, and payment to him, or to the party to whom he delegated the duty of making the payment and receiving- the tax receipt, would leave the tax collector without any legal duty or any legal responsibility in the premises, and without pretext or shadow of right to proceed further in the matter. We fail to see any appeal-able interest which the respondent sheriff and tax collector has in taking this appeal.
Assuming that relator would have had the right to an appeal to the Supreme Court, had he been cast in the action, it by no means necessarily follows that respondent should-have an equal right. The rule that the right of one of the parties to a litigation to an appeal to a particular court carries with it similar right of appeal to the opposing party is not universally true. One person may have a vital interest in the enforcement of a special right, which another, willfully, maliciously, and with no reason whatever, may force him to litigate. This matter is discussed in Bargebur v. Creditors, 2 Mart. (N. S.) 524, 525.
The tax collector having no legal interest to bring the main action to this court by appeal, his interest in the incidental matter of costs does not authorize him to do .so, particularly as the costs are insignificant in amount. See State v. Judge, 4 Rob. 87, 88; Succession of Dougart, 42 La. Ann. 516, 7 South. 794.
Appellant having no appealable interest, we have no power to revise the judgment on his behalf. The appeal must be, and it is hereby, dismissed; costs of appeal to be borne by the appellant.
See dissenting opinion of BLANOTIARD, J., 35 South. 510.