LAND, J.
This is a mandamus proceeding to compel the defendant to recuse himself in a proposed suit to set aside and annul the incorporation of the village of Pearl Biver, so that the court might appoint a district attorney pro tem. to act in conjunction *25 with relators in instituting and prosecuting said 'Suit.
The petition alleges that the Governor of the state, in pursuance of Act No. 136 of 1898, did on May 24, 1906, issue and caused to be published his proclamation incorporating said village, and thereafter appointed and commissioned certain persons as the officials thereof.
The petition further alleges that said proclamation was based on a petition and census that at least 250 inhabitants resided within the proposed limits of said village, but that said representation and census as to the number of inhabitants of said place were false and untrue,.there really being at the time less than 220 bona fide resident inhabitants within the limits of said village, and that the Governor was deceived and misled by said false statements and representations, and was induced thereby to issue said proclamation and to appoint and commission said officers.
Relators further represent that they as residents and taxpayers of the hamlet of Pearl River, have a right of action to sue to set aside the incorporation of said place and to prevent the usurpation and exercise of municipal powers and functions by the persons claiming to be officers of said pretended village, and that under the law suits to set aside the charters of municipal corporations must be brought in the name of the district attorney.
Relators further represent that they have applied to the respondent to join with them in prosecuting said proposed suit', but that said official, they are informed, was consulted as attorney in regard to the incorporation of said village, and therefore cannot act in the premises, and that relators had requested respondent to recuse himself, but that he has declined and refused to do so.
An alternative writ of mandamus issued as prayed for, and the respondent exeepted and answered. The exception need not be stated. The answer of the respondent is quite lengthy, and most of the averments appertain to the merits of the proposed action to annul the charter. As far as the question of recusation is concerned, the respondent admits that, acting solely as amicus eurise to certain citizens of the hamlet of Pearl River, who sought to be incorporated as a village under the laws of the state, he drew up the petition for incorporation and all other necessary papers, and appeared before the Governor to answer the objections of certain citizens to the incorporation of the hamlet as a village; but the contestants did not appear, and the Governor, after examining the papers submitted to him, promptly issued his proclamation of incorporation.
The respondent denies that he positively refused to recuse himself, but admits that he was requested to do so, and objected on the ground that no just cause of action would lie to annul and set aside the proclamation of the Governor incorporating the village of Pearl River.
On the trial of the suit evidence was admitted, over the objection of the respondent, to prove that the hamlet of Pearl River at the time of its incorporation did not contain 250 inhabitants residing within the territorial limits. • This evidence was admitted for the reasons, as stated by the trial judge, that:
“The petition has to show a cause of action, and, secondly,' the answer sets forth that the defendant relies on the fact that the town was duly incorporated as a ground for not recusing himself.”
There was judgment in favor of the relators as prayed for, and the court appointed a district attorney pro tern, to institute and prosecute the proposed suit.
The defendant took and perfected a suspensive appeal from this judgment, returnable to the Supreme Court The vil *27 lage of Pearl River also appealed as a third party in interest.
Counsel for the village has filed an assignment of errors in this court on the grounds, first, that the courts have no power to review the action of the Governor in the premises, and, second, because there is no law authorizing the district judge, upon the application of a third person, to declare the district attorney to be recused or disqualified, and to appoint a district attorney pro tem. to act in his place.
The only question at issue between the relators and the respondent district attorney is that of his recusation. The opinion of that officer as to the merits of the suit not yet instituted has no relevancy, except on the question of his recusation. The village was no party to the mandamus proceedings, and all evidence on the merits of the action to he brought in futuro should have been excluded.
The relators, being advised that they could not stand alone in the prosecution of the proposed suit, merely sought the co-operation of the district attorney, or, in case of his recusation, of a district attorney pro tem.
The court having appointed a district attorney pro tem., the only question raised by the appeal is the legality or propriety of such an appointment. We are, nevertheless, invited and urged to pass upon the merits of an action, which is not yet, and may never be, instituted.
We have no jurisdiction of the question per se of recusation, and there is no pending suit in which such question comes up as an incident to the main action. No amount is in dispute between relators and the respondent, and the sole question raised is one of official duty. In Hayes v. Thompson, 21 La. Ann. 655, there was a contest over the office of sheriff, and in State ex rel. Rills v. Lynch, 23 La. Ann. 786, over the office of district attorney. In Berhil v. Fisk, 24 La. Ann. 149, the nature of the suit is not stated; the court saying that the only question necessary to he decided was whether or not the district attorney can he compelled to bring an action under the intrusion act.
In neither of these cases was the question of the jurisdiction of the Supreme Court raised or considered, and at that time the court, under the Constitution of 1868, had jurisdiction in all cases where the matter in dispute exceeded $500. In Laughlin v. Ice Co., 35 La. Ann. 1184, the court had jurisdiction of the appeal.
In conclusion, we may add that the record does not disclose what pecuniary interest the relators have in the question of the legality of the incorporation of the village of Pearl River.
Our jurisdiction is limited by the organic law, and cannot be extended without an usurpation of power.
Appeals dismissed.