(45 South. 125.)

No. 16,794.

STATE ex rel. ROGERS et al. v. PARSONS, Dist. Atty.

(Dec. 2, 1907.)

COURTS—APPELLATE JURISDICTION.

This court is without jurisdiction of the appeal in a suit where an appointee to office seeks, by mandamus, to compel the district attorney to bring suit (under Act No. 156, p. 199, of 1868; Rev. St. § 2593 et seq.) to oust the incumbents, and where it appears that the fees of such office would exceed $100, but would not exceed $2,000. In such case, however, as the proceeding is necessary to the obtention of judicial action upon relator's right to the office and has no other purpose in view, it may reasonably be held that the fees of the office are involved, and hence that the appeal may be transferred, under Act No. 56, p. 135, of 1904, to the Court of Appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 617, 1303.]

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of De Soto; John Bachman Lee, Judge.

Application by the state, on the relation of John M. Rogers and others, for writ of mandamus against J. W. Parsons, district attorney. Judgment for defendant, and plaintiffs appeal. Transferred to the Court of Appeal on condition.

See 44 South. 795, 119 La. 955.

Hall & Jack, for appellants. Pugh, Thigpen & Foster, for appellee.

### Statement.

MONROE, J. Relator alleges that all the members of the board of school directors of De Soto parish were removed from office by the Governor for neglect of duty; that they (relators) were appointed to fill the vacancies so created, and that their appointments were approved by the state board of education; that on June 22, 1907, they assembled for the purpose of organizing, and were enjoined by the removed directors from exercising their functions; that said removed directors are unlawfully holding and usurping the public offices in question, and that it is the duty of the district attorney to proceed against and oust them therefrom, and to have relators adjudged entitled thereto, but that he refuses so to do, though requested, and though relators are otherwise without remedy.

Wherefore they pray that a writ of mandamus issue commanding the district attorney to proceed as stated.

The district attorney, for answer, says that the directors complained of were appointed under section 3 of Act No. 214, p. 407, of 1902, for four years; that, under section 6 of said act, they were removable by the Governor, subject to the ratification of the state board of education, for "incompetency, neglect of duty or malfeasance," but that, by section 3 of Act No. 60, p. 93, of 1906, it is provided that the parish school boards, as now constituted, shall hold office until their successor shall have been elected at the congressional election in 1908; that the Governor and state board are therefore without authority to remove them, and that respondent is without authority to bring suit for that purpose, save upon the request of 25 citizens and taxpayers of the parish.

It is admitted that relators were commissioned and qualified as members of the board of school directors of De Soto parish, La. It is also admitted that the fees respondents would receive during the term of office for which they were appointed would exceed $100, and not exceed $2,000; that the amount

of public school funds they would disburse would exceed $2,000; and that said fees will be received and disbursements made by the old members of the board whom the district attorney is petitioned to file suit to oust, unless said members are removed from office. Upon the facts (substantially) as thus stated and admitted the district court rendered judgment in favor of the respondent, and, relators having appealed, respondent moves to dismiss the appeal for want of jurisdiction, ratione materiæ, in the court.

## Opinion.

It has many times been held by this court that its appellate jurisdiction, in a suit between contestants for public office, was, and is, based upon the salary or pecuniary perquisites attached to such office. Hubert v. Auvray, 6 La. 598; State ex rel. Sternberg v. Lagarde, 21 La. Ann. 18; State ex rel. Creagh v. Judge, 21 La. Ann. 107; State ex rel. Cain v. Judge, 21 La. Ann. 574; State ex rel. Belden v. Markey, 21 La. Ann. 743; State ex rel. Schwab v. Judge, 22 La. Ann. 49; State ex rel. Simmons v. De Vargas, 28 La. Ann. 342; State ex rel. Newman v. Hayes, 32 La. Ann. 1135; State ex rel. Buckner v. Jastremski, 33 La. Ann. 110; Schwartz v. Firemen's Charitable Ass'n, 41 La. Ann. 405, 6 South. 652; State ex rel. Broussard v. Dallas, 116 La. 489, 40 South. 847. And whilst there are, here and there, decisions which do not appear to run with the current, we find no reason to question the soundness of the doctrine thus stated.

Appellate jurisdiction is conferred upon this court by article 85 of the present Constitution in terms of specification and enumeration, and, in order to provide for cases not so specified, but which (in the public interest, to preserve uniformity of ruling among the different courts of the state and adherence to the jurisprudence as established by this court, and to prevent denial of justice to individuals) may require review,

the framers of the Constitution have vested the court with a supervisory jurisdiction, which may be exercised without regard to the pecuniary value at issue. There is, therefore, the double reason why appellate jurisdiction not conferred upon the court, in terms, should not be exercised by it; that, not being included in the enumeration, it must be presumed to have been intentionally omitted from the grant; and that neither public nor private interest need suffer from such omission, since in unappealable cases, which require it, the supervisory jurisdiction of the court may be exercised.

The learned counsel for the relator argue that, as the case presented is not a suit between contestants for a public office, it does not fall within the rule stated as established by the jurisprudence. They say:

"We are not here contesting the right to office, but the right to be permitted to do so through suit by the district attorney. The right to office is not involved, but rather the right to a mandamus as a necessary preliminary step before we can test that right."

And they base their plea for the exercise by this court of its appellate jurisdiction upon the proposition that, as the suit to oust the present occupants from the offices which relators desire to claim can be brought only by the district attorney, and as the district attorney refuses to bring it, they (relators) are denied the right, guaranteed them by the Constitution, of asserting their claim in a court of justice. The answer to the proposition, however, is that relators have presented it to the district court, and that the district court has acted on it, and that, under the Constitution, the case, as thus presented and decided, is not appealable to this court.

The argument of the learned counsel, no doubt, finds some support among cases heretofore decided by this court, but, as it now becomes necessary to determine between the cases relied on and those holding a contrary doctrine, we adhere to the latter.

As to the legal question involved, the case here presented does not materially differ from that recently considered by this court in a case in which the relators prayed for a mandamus to compel a district attorney to recuse himself, in order that a district attorney pro tem. might be appointed to bring suit to set aside the incorporation (by proclamation under Act No. 136, p. 227, of 1898) of the village of Pearl River. The mandamus having issued and the appointment having been made as prayed for, the respondent and the village of Pearl River appealed to this court, where, inter alia, it was said:

"The relators, being advised that they could not stand alone in the prosecution of the present suit, merely sought the co-operation of the district attorney, or, in case of his recusation, of a district attorney pro tem. * * * No amount is in dispute between relators and respondent, and the sole question raised is one of official duty. * * * In conclusion, we may add that the record does not disclose what pecuniary interest the relators have in the question of the legality of the incorporation of Pearl River. Our jurisdiction is limited by the organic law, and cannot be extended without usurpation of power. Appeals dismissed." State ex rel. Heitcamp et al. v. Lancaster, Dist. Atty., 118 La. 24, 42 South. 583.

And so in a case previously decided it was held that, though the Constitution confers upon the civil district court for the parish of Orleans original jurisdiction in cases involving "civil or political rights," the framers of that instrument had "not thought proper to include such cases within the enumeration, as contained in article 85, of those with respect to which appellate jurisdiction is conferred on this court"; and hence that the relator, who had been denied the right to register as a voter and whose right of appeal was not otherwise provided for, could not be heard upon his appeal from a judgment denying the mandamus prayed for by him. State ex rel. Ryanes v. Gleason, Supervisor, 112 La. 612, 36 South. 608. See, also, State ex rel. Young v. Sanders, 111 La. 188, 35 South. 509, involving the right to pay a poll tax through another person. If we should

concur in the view that the present proceeding is to be regarded, quoad the question of jurisdiction, as entirely dissociated from the claim of the relators to the office of school director, it would, perhaps, follow that the appeal would be dismissed, since it is likely that it would no more fall within the appellate jurisdiction of the Court of Appeal than of this court. But relator's petition sets forth a claim to certain offices, to which fees are attached which would exceed $100, and would not exceed $2,000, and it shows that the present proceeding is necessary to the obtention of judicial action upon such claim and has no other purpose in view. We are therefore of opinion that it may reasonably be held that the fees of the offices are involved, and hence that the appeal may be transferred to the Court of Appeal.

Agreeably to the provisions of Act No. 56, p. 135, of 1904, it is therefore ordered, adjudged, and decreed that in the event that the appellants, or their attorney of record, make oath before the expiration of six judicial days from the day upon which this decree is handed down that the appeal herein was not taken for the purpose of delay, this cause be transferred to the Court of Appeal, Second Circuit, to be there proceeded with according to law; otherwise, and in case such oath be not made as thus required, that the appeal herein be, and is hereby, dismissed. It is further ordered that the costs of this court be paid by the appellants.