Statement of the Case.
MONROE, J.
Relator, having been appointed by the Governor to the office of marshal of the village of Dodson, to fill a vacancy caused by the resignation of J. W. Campbell, the late incumbent, alleges that he would like to furnish bond and enter upon the discharge of his duties, so that he might reap the pecuniary reward “belonging and attached to said office,” but, that he is prevented from so doing by “the wrongful, illegal, fraudulent, malicious, and unreasonable” action of the mayor and aldermen, in passing an ordinance fixing the bond at the “outrageous sum of $3,000, * * * fixing the salary * * * at the ridiculous, unreasonable, and unjust sum of $1 per month, and stripping said office of all fees and emoluments.” Wherefore, and after some other allegations, he prays for a mandamus to compel- the officers mentioned to reduce the bond to $500 and increase the salary to $85 per month, or other reasonable amounts, respectively.
The mayor answers that the ordinance complained of was passed in spite of his disapproval, in order to compel relator to resign, and is unreasonable and illegal. The other respondents (being the three aldermen of the village) allege that relator has never qualified as marshal, and has no standing to prosecute a demand with respect to the salary of that office, and no standing, in any event, to proceed by mandamus. They allege that the ordinance in question was adopted in furtherance of the best interests of the *360 village, -and in the exercise of a discretion which the law vests in them, and which cannot be controlled by the courts; that, by reason of civic pride and public spirit, there are many discreet, responsible, and upright citizens who are willing to accept the office of marshal, or any other office within the gift of the municipality, for the fees, emoluments, •and salary as fixed by the mayor and aider-men, and that they would be recreant to their trust should they comply with relator’s request, and thereby dissipate one-half of the resources coming into their hands in paying the salary and fees of one office. There was considerable testimony taken as to the resources and expenses of the village, the compensation of the officers, the nature of the marshal’s services, etc., after which the mandamus was made peremptory, directing the mayor and the board of aldermen to fix the salary of the marshal at a sum not exceeding $50 per month, and his bond at a sum not exceeding $1,000. The minutes of the court recite that:
“An order for appeal, both devolutive and suspensive, was asked for, and granted, in open court, made returnable to the honorable Supreme Court of Louisiana on January 15, 1008, according to law. Devolutive appeal bond fixed in the sum of $100, and, on request of defendant’s counsel, suspensive appeal bond fixed by the court in the sum of $600.”
The transcript was lodged in this court on January 21, 1908. Relator moves to dismiss the appeal on the grounds: (1) That the appeal bond is illegal, in that it is not dated, and that it is not signed by the mayor; (2) that the parties appellant have no appealable interest.
Opinion.
It appears from the record, from the statement of counsel, and from the law (Act No. 196, p. 430, of 1904, amending section 38 of Act No.-136, p. 242 of 1898), that relator was appointed, on October 17, 1907, to fill a vacancy in an office, the term of which, as we take it, was to expire at the general election to be held on the Tuesday following the third Monday of April of this year, and, as the aggregate amount of the salary claimed for the balance of such term is less than $2,000 it follows that this court is without jurisdiction. State ex rel. Rogers v. Parsons, 120 La. 263, 45 South. 125; Gleason v. Wisdom, 120 La. 632, 45 South. 530.
It is therefore ordered, adjudged, and decreed that, in the event the appellants, or their attorneys of record shall, within six judicial days from the day upon which this decree shall be handed down, make oath that the appeal herein was not taken for the purpose of delay, said appeal be transferred to the Court of Appeal, Second Circuit; otherwise, tliat the same be, and is, dismissed, at the costs of the appellants.