(49 South. 485.)

No. 17,401.

STATE ex rel. WILKINSON, Dist. Atty., v. HINGLE.

(May 10, 1909.)

COURTS (§ 486*)—SUPREME COURT — JURISDICTION—TRANSFER TO COURT OF APPEAL.

This court not having jurisdiction, the case is transferred to the Court of Appeal upon appellant taking the required oath.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 486.*]

(Syllabus by the Court.)

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemines; Nemours Henry Nunez, Judge.

Action by the State, on the relation of James Wilkinson, District Attorney, against Felix S. Hingle, to oust him from the office of Parish Treasurer. Judgment for plaintiff, and defendant appeals. Transferred to the Court of Appeal.

Oliver Stanley Livaudais, for appellant. Nemours Henry Nunez, Dist. Atty. (John Dymond, Jr., of counsel), for appellee.

BREAUX, C. J. This suit was instituted by relator, under the act known as the "Intrusion into Office Act," to oust the respondent from the office of parish treasurer of the parish of Plaquemines, and to obtain a judgment decreeing that Jos. Savoie is entitled to the office.

No objection is urged by the respondent to the form of the proceedings.

There was a proceeding by mandamus taken out by respondent and a writ of injunction by relator.

We pass them, because they present no issues for decision, although the proceedings form a part of the transcript.

Respondent was elected to the office of parish treasurer on June 16, 1900. Since, at the end of each term, he held over or was elected at times. On the 3d day of January, 1907, he was re-elected. He was removed by an ordinance of the police jury on September 10, 1908. He had been parish treasurer since a number of years.

Appellant complains of his removal.

The question of jurisdiction suggests itself, although not raised by the pleadings nor by the facts at issue.

The salary of the respondent was $800 a year.

He was elected the last time on the 3d day of January, 1907.

The term for which he was elected has expired.

There is no moneyed demand.

The amount of his salary is the test of jurisdiction. That is less than the lower jurisdiction of this court. In two years (his term of office) he cannot earn an amount which comes within the lower jurisdiction of this court. It follows that the appellant is not before the tribunal having jurisdiction.

The case is transferred to the Court of Appeal held in the city of New Orleans, in order that that court may proceed with the case "in the same manner as if the said case had been originally appealed to the proper court as to jurisdiction, provided that before the transfer be made the appellant or his attorney of record shall make oath that his appeal was not made for the purpose of delay."

For reasons assigned, the case is trans-

ferred to the Court of Appeal for the Parish of Orleans, First district, as above stated, provided the indicated oath be taken within 15 days from date of this transfer. If not taken in that time, the case shall ipso facto be considered dismissed.