(86 South. 481)

No. 24143.

## McDOW v. WALKER.

(Nov. 3, 1920.)

*(Syllabus by Editorial Staff.)*

Courts ⬯224(10)—Appeal in contest of election of police juror within appellate court's jurisdiction.

An appeal in a suit to contest an election of police juror, where the petition alleged that the emoluments from the office for the entire term would be $350, is within the jurisdiction of the Court of Appeal, not of the Supreme Court, and it will be transferred to the Court of Appeal without deciding appellee's motion to dismiss the appeal, the decision of which would require the determination of the only question raised by the appeal itself.

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Suit to contest an election by Ebenezer W. McDow against George E. Walker. From a judgment dismissing the suit, plaintiff appeals. On motion to dismiss the appeal. Case transferred to Court of Appeal.

Hundley & Hundley, of Alexandria, for appellant.

Peters & Lyons and Earl E. Kidd, all of Winnfield, and John H. Mathews, of Alexandria, for appellee.

O'NIELL, J. Plaintiff appeals from a judgment dismissing his suit contesting the election of defendant to the office of police juror. The district judge sustained both an exception of no cause or right of action and a plea to the jurisdiction of the court.

Plaintiff and defendant were the only candidates for the office in question. The result of the election, as proclaimed by the commissioners, was that defendant received one more than half of the votes cast.

Plaintiff contends that one of the ballots cast for him, which the commissioners declared was a spoiled ballot, and which they therefore refused to include in the tally, was in fact a valid ballot, and that the election was therefore a tie. He sued to have the election so declared, and to have the matter referred back to the electors.

Defendant's plea to the jurisdiction of the district court and his exception of no cause or right of action were founded upon his contention that plaintiff's admission that he himself was not elected was an acknowledgment that he had no personal interest in contesting the election. The motion to dismiss the appeal is founded upon the same contention.

Appellant's suit is based upon a provision in section 1422 of the Revised Statutes, under the title "Contested Elections," viz.:

"The jury shall have power to determine by their verdict which of the parties is entitled to the office, or to refer the same again to the people."

The only question presented in this appeal is whether the authority of the jury or of the court to refer the contest back to the electors prevails only in cases where the plaintiff contends primarily that he was elected to the office. To decide that question on a motion to dismiss the appeal would therefore determine the only question that would otherwise be decided on the appeal itself.

The record discloses that this case is within the jurisdiction, not of the Supreme Court, but of the Court of Appeal, because the value of the matter in contest does not exceed $2,000. Const. art. 85. Plaintiff alleged in his petition, and the allegation was verified by his oath and is not disputed, that the emoluments of the office in contest would amount to only $350 for the entire term of four years. On our own motion, therefore, we will transfer the case to the Court of Appeal.

It is ordered that this case be transferred to the Court of Appeal, Second Circuit. Appellant is to pay the costs of his appeal to the Supreme Court. All other costs are to depend upon the final judgment.