## STATE ex rel. MOSS et al. v. WILLIS et al.*

### No. 17103.

Court of Appeal of Louisiana. Orleans.

Oct. 31, 1938.

R. F. Becker, Jr., of New Orleans, for appellants.

H. W. Robinson, of New Orleans, for appellees.

McCALEB, Judge.

The defendant appellees have moved to dismiss this appeal on the ground that the amount in controversy exceeds the appellate jurisdiction of this court.

The suit is a quo warranto proceeding whereby the plaintiff appellants seek to oust the defendant appellees from the Board of Directors of Geddes & Moss Undertaking & Embalmers Co., Ltd., a Louisiana corporation. They charge, in substance, that, notwithstanding the fact

*Rehearing denied Jan. 10, 1939.

that they were duly elected to the Board of Directors of the corporation at a stockholders meeting called for that purpose on June 20, 1938, the defendants are, without authority, assuming to act as such and have in their possession and under their control the books, papers and other assets of the company. The principal relief prayed for by them is to have their election as members of the Board of Directors recognized in law.

■ It is well settled that, in determining the appellate jurisdiction of the Supreme Court in cases involving the right to an office, the amount in contest is to be gauged by the emoluments of the office and if such emoluments are not in excess of $2,000, exclusive of interest, then the Court of Appeal has jurisdiction of the cause. See State ex rel. v. Parsons, 120 La. 263, 45 So. 125; Gleason v. Wisdom, 120 La. 632, 45 So. 530; State ex rel. v. Village of Dodson, 121 La. 357, 46 So. 354; Dejean v. Breaux, 140 La. 378, 73 So. 238; McDow v. Walker, 147 La. 1025, 86 So. 481; Wilkinson v. Hingle, 123 La. 721, 49 So. 485; Coco v. Oden, 143 La. 718, 79 So. 287, 8 A.L.R. 679; State ex rel. v. Dallas, 116 La. 489, 40 So. 847; Rownd v. Comish, 130 La. 739, 58 So. 528; and Perez v. Cognevich, 156 La. 331, 100 So. 444.

■ On the record before us, there is no showing that the emoluments of the office of Director of Geddes & Moss Undertaking & Embalmers Co., Ltd., are in excess of $2,000 exclusive of interest.

The appellees, nevertheless, in an attempt to show that the amount involved is beyond our jurisdiction, have attached to their motion to dismiss an affidavit in which they state (1) that the value of the corporate stock owned by them is more than $3,000, (2) that the net value of the assets of the corporation exceeds $10,000, and (3) that the annual salary of one of the defendants, Mrs. Gertrude G. Willis, is $2,230. In the light of the foregoing authorities, it is at once manifest that the statements contained in this affidavit are insufficient to show that the emoluments of the office of Director of the corporation exceed the sum of $2,000 exclusive of interest. The value of the shares of stock owned by the defendants is not pertinent in determining the question of our jurisdiction to try title to the office of director in the company. The same is true with respect to the net value of the assets of the corporation.

■ In regard to the averment that Mrs. Willis, one of the defendants, receives an annual salary of $2,230, we note that the affidavit does not disclose that she obtains this amount as payment for her services as a director of the company. We cannot assume that such is the case.

Therefore, in view of the fact that the record and affidavit are silent in respect of the emoluments attached to the offices here in controversy, we conclude that we have jurisdiction of this appeal.

For the foregoing reasons, the motion to dismiss the appeal is denied.

Motion to dismiss denied.