**STATE ex rel. MOSS et al. v. WILLIS et al.**

**No. 17219.**

Court of Appeal of Louisiana.    Orleans.

June 12, 1939.

H. W. & H. M. Robinson, of New Orleans, for appellants.

Rudolph F. Becker, Jr., of New Orleans, for appellees.

PER CURIAM.

Mrs. Arnold Moss, Clovis Coca and W. R. Darnesburg, appellees, move to dismiss this appeal on the ground that the amount of the appeal bond as fixed by the lower court is insufficient to sustain a suspensive appeal.

The suit is a quo warranto proceeding wherein the above named parties seek to oust Mrs. G. G. Willis, Dr. W. A. Willis and J. O. Misshore, appellants, from membership on the Board of Directors of Geddes & Moss Undertaking & Embalmers Company, Ltd., a Louisiana corporation.

It is contended in the motion to dismiss that the amount of the bond, $1,000, as fixed by the lower court and as furnished by appellants, is insufficient since the judgment directs defendants, appellants, to turn over "all books, papers, money, and property, etc." of the corporation, which assets, as it is made to appear by affidavit, amount in value to $45,941.38.

This matter, on a previous occasion, was before this court, the lower court having dismissed it on defendants' exception of no cause of action on the theory that, in this state, quo · warranto will not lie to try title to office in a private corporation. Motion was made to dismiss the appeal from that judgment on the ground that this court had no jurisdiction, since the value of the corporate stock owned by the defendants exceeded $3,000 and because the salary of one of them was over $2,000 and because the net assets of the corporation amounted to more than $10,000 in value. Appellants filed answer to that motion in which they contended that the question at issue involved solely the possession of one share of stock valued at $100, together with title to the office of director, and that the value of the assets of the corporation should not be considered. We held that there was nothing involved except the right to hold the office of director and that the value of the assets of the corporation was in no way involved and that, therefore, this court could entertain jurisdiction to hear the controversy. We said:

"It is well settled that, in determining the appellate jurisdiction of the Supreme Court in cases involving the right to an office, the amount in contest is to be gauged by the emoluments of the office and if such emoluments are not in excess of $2,000, exclusive of interest, then the ,

Court of Appeal has jurisdiction of the cause. * * *

"On the record before us, there is no showing that the emoluments of the office of Director of Geddes & Moss Undertaking & Embalmers Co., Ltd., are in excess of $2,000 exclusive of interest.

"* * * The value of the shares of stock owned by the defendants is not pertinent in determining the question of our jurisdiction to try title to the office of director in the company. The same is true with respect to the net value of the assets of the corporation."

184 So. 221, 222.

We see no reason to change our views on that subject and conclude that the value of the assets of the corporation is not involved in this controversy. Accordingly, and for the reasons given in our former opinion,

It is now ordered, adjudged and decreed that the motion to dismiss this appeal be and it is denied.

Motion to dismiss denied.