LAND, J.
This is a proceeding by rule to strike from the registration rolls the name of T. M. Wilson as a voter in the Second precinct of the Seventh ward of the parish of Concordia, in which the village of Ferriday is situated.
Relator alleges that the said' defendant does not reside in said precinct, but resides and has his domicile in the Sixth ward of the parish of Concordia.
Defendant for answer pleaded the general issue, and that he was a legally qualified voter in and for the Second precinct of the Seventh ward of said parish, in which is situated the village of Ferriday.
There was judgment in favor of the relator making the rule absolute as prayed for, and the defendant has appealed.
Defendant resided in Gillespie’s island, in the Sixth ward, during the entire year 1907. He was Gillespie’s plantation manager. He was re-employed in the same capacity for the year 1908. The plantation was overflowed in the spring of 1908, and on April 8th the defendant moved his mother and sisters to the village of Ferriday, about a half mile distant from Gillespie’s island. Defendant rented a house in the village, and his mother and sisters occupied the same.
They are now occupying .another house not leased by defendant, who, however, says he helps pay the rent. Defendant lived with them until about July 1st, when he resumed work on the island. From that time on he spent about half of his nights on the island, and took some of his meals there. Defendant has been living at Grassmere, a neighboring station on the railroad, ever since January 1, 1909, and has been there engaged in conducting a drinking saloon, occasionally visiting his mother and sisters in Ferriday. Defendant testified that he always considered Ferriday as his home or place of residence. Several witnesses for the relator testified that the defendant did not reside in Ferriday, and spent very little of his time in said village. During the period of the overflow defendant appears to have acquired some temporary interest in a livery stable.
The only witness called to corroborate the defendant is the relator’s opponent for the office of mayor at the election called for April 20, 1909. This witness considered Ferriday as the home of the defendant, who is one of his supporters.
Miller, the former partner, testified that defendant’s interest in the livery business lasted about two. weeks, when it was turned over to his brother, N. R. Wilson, defendant saying that he was busy on the island. Miller testified that defendant reside on Gillespie’s island during 1908, and that the witness did not consider him a resident of Ferriday, and that the only work the defendant did in or near Ferriday was superintending the cutting of wood for Mr. Gillespie.
The defendant acquired a civil and political domicile in the Sixth ward of the parish of Concordia by residence for more than one year. The presumption is against a change of domicile. 10 A. & E. E. L. 23, 24.
His removal from the island in April, 1908, *631 •was not voluntary, but tbe result of an overflow of the waters of the Mississippi river. After the season of high water he returned •to the island and to his work of managing •the plantation. He occupied a house on the island, took some of his meals, and slept there more or less. At the commencement of the next year we find the defendant living and conducting business at Grassmere, in the Sixth ward. His mother is living in another 'house in Ferriday, presumably leased by her, and certainly not by the defendant.
Article 107 of the Constitution of 1808 requires a person to be “an actual bona fide resident” of the precinct in which he offers to register as a voter. The situation is certainly equivocal, and the judgment below is not clearly wrong on the facts, and is in accord with the legal presumption.
Judgment affirmed.