(60 South. 78.)

No. 19,253.

HOLMES et al. v. PINO et al.

WHITAKER et al. v. SAME.

(Dec. 2. 1912.)

*(Syllabus by the Court.)*

ELECTIONS (§ 76*)—ELECTORAL RESIDENCE.

The provision of article 208 of the Constitution of 1898 that, "for the purpose of voting, no person shall be deemed to have gained a residence, by reason of his presence, or lost it by reason of his absence, * * * while a student at any institution of learning," does not disqualify a student of full age from acquiring an electoral residence in the parish where such institution is located. Each case must be determined by its own peculiar facts.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 72; Dec. Dig. § 76.*]

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Proceedings by rule of W. S. Holmes and others against Joseph Pino and F. S. Hamilton, and by W. C. Whitaker and others against Joseph Pino and W. M. Phillips, to erase names of Hamilton and Phillips from the registration rolls. Rule discharged, and relators appeal. Affirmed.

D. D. Cline, of Paris, Ky., for appellants. I. D. Wall, of Baton Rouge, for appellees.

LAND, J. The above cases are proceedings by rule to have the names of F. S. Hamilton and W. M. Phillips, two students at the State University, in the city of Baton Rouge, erased from the registration rolls of the parish.

The judge below states the facts as follows:

"Both the defendants are students at the Louisiana State University. One is taking the average, and the other several hours more than the average, student's work per week. Both are self-sustaining, and on that score are independent of parental control. Each has employment here of a character denoting permanency, which yields him a sufficient revenue to maintain himself at school. Neither returned to the home of his parents at the close of the session of 1910. During the vacation one continued his employment here, and the other taught school in another parish. Both have attained their majority, and both declare that Baton Rouge is their place of permanent residence as long as they can obtain employment to maintain themselves here. One reached the age of majority more than a year ago. The other attained his majority within a year from this, or the date of the approaching election."

The judge discharged the rules, and the relators have appealed.

We see no reversible error in the ruling of the judge a quo. While article 208 of the Constitution of 1898 declares that, "for the purpose of voting, no person shall be deemed to have gained a residence, by reason of his presence, or lost it by reason of his absence, * * * while a student of any institution of learning," it does not follow that a student may not acquire an electoral residence in the parish where such institution is located.

"The undergraduates of a college who are of full age and free from parental control, and who regard where the college is situated as their home, having no other to return to in case of sickness or affliction, are as much entitled to vote as any other resident of the place pursuing his usual vocation. * * * Each case must be determined by its own peculiar facts." A. & E. Ency. Law, vol. 10, p. 605.

The accepted rule seems to be that the effect of such a constitutional provision is not to disqualify a student from gaining or losing a residence at the seat of the institution he is attending, but to render his presence at or absence from the institution primarily without effect as to his political status. Id. The qualification as to age and residence are to be determined as of date of the day preceding the election at which the elector may offer to vote. Const. 1898, art. 213.

Judgments affirmed.