(77 South. 782)

No. 22712.

AUBERT et al. v. BURNS et al.

(Jan. 28, 1918.)

(Syllabus by the Court.)

1. COURTS ⬤⟳224(10)—APPELLATE JURISDIC-
TION—LOUISIANA SUPREME COURT—AMOUNT.

Although the district courts have original jurisdiction of all suits involving civil or political rights, the Supreme Court has not appellate jurisdiction of such a suit unless the civil or political right in contest is of a value exceeding $2,000.

2. COURTS ⬤⟳224(6) — APPELLATE JURISDIC-
TION—LOUISIANA SUPREME COURT—POLITI-
CAL RIGHTS.

The only cases in which the Supreme Court has jurisdiction of an appeal from a judgment ordering or refusing to order the registrar of voters to cancel a registration are those in which the qualification contested is under sections 3, 4, or 5 of article 197 of the Constitution; that is, the educational qualification, the property qualification, or the grandfather clause.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Rule by Robert L. Aubert and others against Wade Burns and the Registrar of Voters to cancel name of Burns from municipal registration book of town of Covington. Judgment for defendant Burns dismissing plaintiffs' suit, and plaintiffs appeal. Appeal dismissed.

A. Sidney Burns' and C. Ellis Ott, both of Bogalusa, for appellants. J. M. Simmons, A. D. Schwartz, and F. J. Heintz, all of Covington, for appellee Burns.

O'NIELL, J. The plaintiffs, being candidates for the offices of mayor and council- men of the town of Covington, to be voted for in an election to be held on the 19th of June, 1917, proceeded by rule against Wade Burns and the registrar of voters on the 30th of May, 1917, to compel the registrar to cancel the name of Burns from the municipal registration book, on the allegation that he had not resided in the town from a date one year preceding the date of the election. The plaintiffs alleged that the municipal charter required that an elector should reside in the town one year, to be qualified to vote in a municipal election. Although it appears that the charter was introduced in evidence, it was not copied into the transcript of appeal.

The defendant Burns, in answer to the rule, alleged that he had resided in the town longer than a year. On the return day of the rule, after the answer was filed, but before the trial, the plaintiffs amended and modified their petition so as to demand merely that the defendant's name be stricken from the municipal registration book only to the extent of preventing his voting in the municipal election on the 19th of June, 1917.

On trial of the rule the district judge, concluding that the defendant had resided in the town longer than a year, rendered judgment in his favor, rejecting the plaintiffs' demand and dismissing their suit. The judgment was rendered in open court on the day the case was tried, that is, on the 11th of June, 1917; but it was not filed nor signed until the 16th of July, 1917, that is, nearly a month after the date of the election. The plaintiffs moved for and obtained an order of appeal on the 18th of June, that is, on the last day before the election, and nearly a month before the judgment was signed. The appeal was made returnable to this court on the 18th of July, nearly a month after the election. Hence we are not informed whether the defendant Burns voted or offered to vote in the municipal election, or

whether his vote could have affected the result.

As the plaintiffs, appellants, demanded nothing more than that Wade Burns be denied the right to vote in the municipal election that was to be held on the day after the appeal was taken and before it could be filed in this court, this appears now to be a moot case.

[1] Whether it is or is not a moot case, we are of opinion that we have no jurisdiction in the premises. It is not alleged or pretended that the civil or political right in contest is of a value exceeding $2,000, or of any value at all, for that matter. Suits of this character are not mentioned nor referred to in the enumeration in article 85 of the Constitution of the cases that are appealable to this court. See State ex rel. Ryanes v. Gleason, Supervisor, 112 La. 612, 36 South. 608. Although by a provision in article 109 of the Constitution of 1898 (retained in the Constitution of 1913) the district courts were given original jurisdiction of all cases involving civil or political rights, the Supreme Court was not given appellate jurisdiction of such cases, regardless of the value of the civil or political right in contest. See Conerly et al. v. Democratic Executive Committee, 130 La. 457, 58 South. 148.

[2] Article 201 of the Constitution of 1898 contained the provision that any person possessing the qualifications prescribed by section 3 or 4 of article 197, that is, the educational or the property qualification, who might be denied the right to register, should have the right to proceed in the district court to enforce his right to register, and that the party cast in such suit should have a right to appeal to the Supreme Court. It also provided that any citizen should have the right to apply to the district court to have stricken from the registration roll any name or names illegally placed there under section 3 or 4 of article 197, and that such applications and

142 LA.—29

appeals should be tried by preference. In article 201 of the Constitution of 1913 were retained the foregoing provisions; and there was added the qualification under section 5 of article 197, that is, the grandfather clause, to the qualifications that might be contested in the district court and on appeal to this court. It must be observed, therefore, that the framers of the Constitutions of 1898 and of 1913 ex industria have withheld the right of appeal to the Supreme Court on the question merely of the residence qualification of a person claiming to be an elector.

We observe, also, from a careful reading and comparison of sections 9, 10, 11, 12, and 13 of the latest registration law (Act No. 195 of 1916), and the corresponding sections of the preceding registration laws under the Constitution of 1898 (Act No. 199 of 1898, p. 453, and Act No. 98 of 1908, p. 140), that, although the Legislature recognizes and confirms the right of appeal to the Supreme Court from a decision in a suit contesting the right of registration under section 3, 4, or 5 of article 197 of the Constitution, the right of appeal is not expressly allowed to either party in a suit to compel the registrar to cancel a registration for a cause arising subsequent to the registration.

There is a manifest reason for making the distinction; that is, for allowing an appeal to the Supreme Court in a contest of the qualification under section 3, 4, or 5, and withholding the right of appeal in a contest of the qualification under section 1 or 2 of article 197 of the Constitution. The reason is that sections 3, 4, and 5 are qualifications for registration, that is, respectively, the educational qualification, the property qualification, and the inherited qualification; whereas sections 1 and 2 are qualifications, not to entitle a citizen to register, but to entitle him to vote, i. e., to be an elector. Section 1 is the residence qualification, i. e., two years in the state, one year in the parish, and six

months in the precinct in which the party offers to vote, next preceding the election. Section 2 is the qualification of being registered under section 3, 4, or 5. A contest of the right of a person to vote, either for want of the residence qualification or for want of registration, can be urged as well by a challenge at the polls when he offers to vote as by a suit in court in advance of the election.

The plaintiffs in this case do not question the right of the defendant Burns to be registered or to vote in the precinct in which he resides. They merely challenged or contested his right to vote in the municipal election on the 19th of June, 1917. Of that question alone we have no jurisdiction.

We are aware that this court has exercised appellate jurisdiction in several cases of this character. In two of them, Bishop v. Sherburne, 122 La. 429, 47 South. 759, and Lorio v. Sherburne, 122 La. 434, 47 South. 760, it was the educational qualification that was in contest, and the court therefore had jurisdiction. In the other cases the court's attention was not directed to the fact that it was the residence qualification that was contested; nor was there any motion or suggestion made to dismiss the appeal in any of the cases. We refer to Ballard v. Puleston et al., 113 La. 235, 36 South. 961; several cases entitled State ex rel. Fleming v. Joyce, Registrar, 123 La. 628, 631, 633, 637, 49 South. 218, 219 and 221; several cases entitled State ex rel. Hodges v. Joyce, Registrar, 128 La. 434, 435, 438, 54 South. 932, 933, 934; two cases entitled Fleming v. Joyce, Registrar, 128 La. 439 and 440, 54 South. 934, 935; Holmes et al. v. Pino et al., 131 La. 687, 60 South. 78; and Whitaker et al. v. Pino, 131 La. 687, 60 South. 78. As the question of appellate jurisdiction was not referred to at all in any of those cases, they cannot be considered precedents for our exercising jurisdiction in such cases. We have no doubt that, if the question had been considered, it would have been decided, as we decide now, that this court has not jurisdiction in such cases unless the qualification contested is under section 3, 4, or 5 of article 197 of the Constitution, that is, the educational qualification, the property qualification, or the grandfather clause.

The appeal is dismissed.