(83 South. 786)

No. 23855.

STATE ex rel. GRAVOLET v. LOBRANO,
Registrar of Voters, et al.

(Jan. 12, 1920. Rehearing Denied Feb. 2, 1920.)

*(Syllabus by Editorial Staff.)*

ELECTIONS ⬪112—NO RIGHT OF APPEAL IN SUIT TO STRIKE NAME FROM REGISTRATION ROLL BECAUSE OF NONRESIDENCE.

The Supreme Court has no jurisdiction of an appeal in a suit to compel the registrar of voters to strike out a name from the registration roll because he was not an actual bona fide resident of the parish when he registered; Const. art. 201, granting the right of appeal only in cases involving the right of registration as depending on the educational and property qualifications.

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemines; R. Emmet Hingle, Judge.

Suit by the State, on the relation of Joseph D. Gravolet, against Frank J. Lobrano, Registrar of Voters, and others, to compel the Registrar to strike out a name from the registration roll. Judgment for defendants, and plaintiff appeals. On defendants' motion to dismiss appeal for want of jurisdiction. Appeal dismissed.

Robert H. Marr, Harold A. Moise, Walter S. Lewis, and Philip R. Livaudais, all of New Orleans, for appellant.

A. Giffen Levy, of New Orleans, and Nemours H. Nunez, of St. Bernard, for appellees Lobrano and Dymond.

PROVOSTY, J. This suit is by a citizen to compel the registrar of voters to strike out the name of John Dymond, Jr., from the registration roll of the parish of Plaquemines for the alleged reason that he was not an actual bona fide resident of said parish when he registered. The plaintiff is appellant; and the defendant moves that the appeal be dismissed for the reason that this court has not jurisdiction of the case.

Jurisdiction is claimed for this court under the following article of the Constitution:

"Art. 201. Any person possessing the qualifications prescribed by sections 3 or 4 of article 197 of this Constitution, who may be denied registration, shall have the right to apply for relief to the district court having jurisdiction of civil causes for the parish in which he offers to register, and the party cast in said suit shall have the right of appeal to the Supreme Court; and any citizen of the state shall have a like right to apply to said courts, to have stricken off any names illegally placed on said registration rolls under sections 3 and 4 of article 197, and such applications and appeal shall be tried by said courts by preference, in open court or at chambers."

The sections 3 and 4 here referred to are those which provide respectively for the educational and the property qualifications of the citizen entitling him to registration. The qualification of residence is provided for in section 1; and section 5 contains the celebrated grandfather clause, entitling any one to register whose father or grandfather could vote in 1867.

It is thus seen that the right of appeal to this court is not granted in all suits involving registration, but only in those involving the right to registration as depending upon the education and property qualifications. And the members of the constitutional convention which enacted these sections remember full well that this discrimination was not accidental, very, very far from it. A case involving merely the qualification of residence is therefore not appealable to this court. And the point has been expressly decided in that sense. Aubert v. Burns, 142 La. 895, 77 South. 782.

Appeal dismissed.