O’NIEIiL, J.
The relator in this case is the registrar of voters for the parish of Orleans. He erased the name of M. J. Kahn from the registration roll, after due publication ’ of his intention so to do, in the manne?’ provided in section 8 of Act No. 195 of 1916. The cause assigned by the registrar for erasing the name was that Kahn had removed from the precinct in which he was registered. Kahn proceeded by mandamus in the civil district court for the Parish of Orleans to compel the registrar to reinstate his name on the registration roll.
In defense of the suit, the registrar pleaded a provision in section 8 of Act No. 195 of 1916, viz.:
“After such names shall have been published and erased as herein provided, the persons whose names have been so erased shall not be permitted to vote except upon a new certificate of registration properly issued.”
The district judge rendered judgment in favor of the defendant, registrar, but on a rule obtained by Kahn to show cause why a new trial should not be granted, the judge reversed his decision and gave judgment in favor of Kahn, ordering the registrar to reinstate Kahn’s name on the registration roll. The judge concluded from the evidence that, although Kahn had changed his residence from one house to another in the same precinct, he had not been out of the precinct for a period of six months.
The district court held that, in so far as section '8 of Act 195 of 1916 purported to make the action of the registrar, in erasing the name after the publication and delay provided for in the statute, final and conclusive, the law was unconstitutional, being violative of section 1 of article 197 and article 213 of the Constitution.
On the second day after the judgment was rendered, the registrar presented a petition for an order of appeal and for an order fixing the bond for either a suspensive or devolutive appeal. The district judge refused to grant either a suspensive or devolutive appeal. This proceeding is for a writ of mandamus to compel the granting of the appeal.
[1, 2] The only question that would be presented on appeal is whether section 8 of Act 195 of 1916 violates either section 1 of article 197 or article 213 of the Constitution. Section 1 of article 197 declares that removal from one precinct to another in the same parish shall not operate to deprive any person of the right to vote in the precinct from which he has removed until six months after such removal. Article 213 declares that electors shall not be registered within 30 days next preceding any election at which they may offer to vote, but that applications to the courts and appeals may be heard and determined, and revision take place, at any time prior to the election.
The question that would be presented on this appeal is not whether Kahn’s removal or change of residence was in fact beyond the precinct in which he was registered. On that question of fact alone this court would not have appellate jurisdiction. See Aubert *75 v. Burns, 142 La. 895, 77 South. 782; Aubert v. Rhody, 142 La. 900, 77 South. 784; and Aubert v. Guyol, 142 La. 901, 77 South. 785. The only question that can be presented by an appeal in this case is whether the law which purports to make the ruling of the registrar final and conclusive is unconstitutional. Article 85 of the Constitution declares that the' appellate jurisdiction of this court shall extend to all cases in which a law of this state has been declared unconstitutional. The relator is therefore entitled to an appeal.
It is ordered that a writ of mandamus issue herein, directing the judge of division D of the civil district court for the parish of Orleans to grant an order of appeal to the relator and to fix the bond for either a suspensive or devolutive appeal, as prayed for in relator’s petition for appeal.