MONROE, J.
The relator complains that-he has been denied the right to register, and he prays that a writ of mandamus issue, commanding the supervisor of registration for the parish of Orleans to inscribe his name upon the proper books as a duly qualified elector, and to issue a certificate as provided by law. The judge a quo, sustaining-a plea of res adjudicata filed by respondent, denied the application, and relator has appealed. The respondent moves to dismiss the appeal on the ground that no right of appeal is disclosed by the record, and that this court is without jurisdiction ratione material
*613 Article S5 of the Constitution contains an “enumeration” of the cases in which appeals lie to this court, and the case of a person who is denied the right to register as a voter is not included therein. Conceding that the' appellate jurisdiction conferred hy that article would attach if it were alleged and shown, or even alleged, that the matter in dispute exceeds the sum or value of $2,000, there is no such allegation in the petition, and no such proof in the record. Article 201 of the Constitution specifically confers, upon the party cast, the right of appeal, in cases where registration is applied for under either of the sections 3 or 4 of article 197, and, by inference, may be said to confer that right in cases involving the striking off of the names of'persons said to have been illegally registered under those sections. But the relator presents no such case. On the contrary, he alleges that he does not possess the qualifications necessary to entitle him to register under the sections mentioned, and he is not seeking or resisting the striking off of any names.
An appeal is neither a matter of right, nor a necessary element of due process of law, but a privilege which it is entirely within the discretion of the state either to grant or to withhold. McKane v. Durston, 153 U. S. 687, 14 Sup. Ct. 913, 38 L. Ed. 867. Where a litigation involves “civil or political rights,” original jurisdiction is conferred, in terms, on the civil district court, without regard to the pecuniary interest at stake (Const. art. 133); but the framers of the Constitution have not thought proper to include such eases within the “enumeration,” as contained in article 85, of those with respect to which appellate jurisdiction is conferred on this court, or to include them among the special cases relating to registration in which appeals are allowed by article 201. As we know of no authority under which the jurisdiction here invoked can be exercised, the motion to dismiss must prevail.
It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed at the cost of the appellant.