LAND, J.
Plaintiff, alleging himself to be a stationary engineer, and a resident of the city of New Orleans, sought by manda *925 mus to compel defendants to discharge a certain employé of the contractor of the •sewerage and water board, and to give the relator employment, provided he be competent, and to compel the general superintendent of said board to declare the forfeiture •of $25 against the contractor, pursuant to section 26, p. 178, of Act No. 111 of 1902.
From a judgment sustaining an exception ■of no cause of action, relator appealed.
A motion has been filed to dismiss the appeal on the ground of want of jurisdiction ratione materias in this court.
There is no allegation in the petition of the value of relator’s alleged right to be employed, and there is no allegation that the ■deprivation of such right will damage him in any certain sum of money. Nor does the petition raise any issue which, regardless of the amount involved, would give this court jurisdiction under article 85 of the Constitution of 1898.
In State ex rel. Ryanes v. Gleason, Supervisor, 112 La. 612, 36 South. 608, we said:
“Where a litigation involves civil or political Tights, original jurisdiction is conferred in terms •on the civil district court without regard to the pecuniary interest at stake (Const. art. 133), but the framers of the Constitution have not thought proper to include such cases within the enumeration as contained in article 85.”
The same may be said of relator’s demand in this ease.
Appeal dismissed.