peal, has the fatal defect of proving too much. It would give this court jurisdiction of all cases, both civil and criminal, without a single exception.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 2577.]

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

John C. Kramer was convicted of extortion in office, and appeals. Dismissed.

O'Niell & Alpha, for appellant. Walter Guion, Atty. Gen., and William K. Wilson, Dist. Atty. (Lewis Guion, of counsel), for the State.

PROVOSTY, J. Defendant was convicted of extortion in office, and was sentenced to imprisonment in the parish jail for half an hour and to a fine of $25, and he has appealed. The state has moved to dismiss the appeal on the ground that this court has no jurisdiction of the case. The learned counsel for defendant concede that this case does not come within any one of the catagories of cases of which this court is expressly given jurisdiction by the Constitution; but they argue that, inasmuch as this court might review the case under its power of control and general supervision over inferior courts, it may do so by the milder remedy of appeal. This argument would confer jurisdiction upon this court over all cases, both civil and criminal, without exception. It has, therefore, the fatal defect of proving too much.

Appeal dismissed.

———

(42 South. 435.)

No. 16,236.

STATE v. MAYER.

(Nov. 26, 1906.)

CRIMINAL LAW—APPEAL—JURISDICTION.

Where, in a criminal prosecution, under Act 57, p. 59, of 1888, for extortion in the office of justice of the peace, the defendant is sentenced to pay a fine of $25 and to be imprisoned for half an hour, but not at hard labor, or to further imprisonment for 30 days in the event of the nonpayment of the fine, this court is without jurisdiction of the appeal, notwithstanding that, under the provisions of the act referred to, the conviction ipso facto operates a vacation of the office of the official.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 2577.]

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Isaac Mayer was convicted of extortion, and appeals. Dismissed.

Henry Mayer, for appellant. Walter Guion, Atty. Gen., and William K. Wilson, Dist. Atty. (Lewis Guion, of counsel), for the State.

Statement of the Case.

MONROE, J. Defendant, having been convicted of extortion in office, moved that judgment be arrested on the grounds:

(1) That Act 57, p. 59, of 1888, under which he was convicted, is unconstitutional, in that it "embraces more than one object and such fact is not embraced in its title."

(2) That said act deprives the convicted defendant of his office of justice of the peace without due process of the law, and is in contravention of article 222 of the Constitution.

The motion being overruled, defendant was sentenced to imprisonment in the parish jail for half an hour and fined $25 and costs, with 30 days' additional imprisonment in case of nonpayment of the fine, and he has appealed. The Attorney General moves to dismiss the appeal on the ground that this court is without jurisdiction.

On the Motion to Dismiss.

We are of opinion that the motion to dismiss must prevail.

Under article 85 of the Constitution the

appellate jurisdiction of this court extends "to criminal cases, on questions of law alone, whenever the punishment of death or imprisonment at hard labor may be imposed, or a fine exceeding $300, or imprisonment exceeding six months, is actually imposed."

The act under which defendant was convicted provides, as a maximum penalty, a fine of $1,000 and imprisonment (but not at hard labor) for a term not exceeding five years. It is true that section 3 of the act authorizes the person aggrieved, independently of any criminal proceeding, to maintain a civil action against the offender for damages, and provides that a verdict in his favor, or a conviction of such offender, shall ipso facto operate a vacation of the office or function of said offending official; but that circumstance does not bring the matter here presented within the appellate jurisdiction conferred, as stated above, by the organic law; and, as such jurisdiction can be derived from no other source, it follows that quoad the instant case it is not vested in this court. State ex rel. Ryanes v. Gleason, Supervisor, 112 La. 612, 36 South. 608.

It is therefore ordered, adjudged, and decreed that this appeal be dismissed.