(43 South. 992.)

No. 16,606.

STATE ex rel. THIRD WARD POLL TAX ASS'N et al. v. BRIEDE, City Treasurer.

(May 13, 1907. Rehearing Denied May 27, 1907.)

1. COURTS—SUPREME COURT—JURISDICTION.

This court has no jurisdiction of a suit by citizens and taxpayers to compel a compliance with the law which requires that a list of those who have paid their poll taxes shall be filed in the office of the clerk of court. Such suit does not fall within the category of those of which this court has jurisdiction irrespective of amount, and does not involve an amount sufficient to confer jurisdiction on this court.

2. APPEAL—JURISDICTIONAL AMOUNT—AFFIDAVIT.

In such a case an affidavit that the suit involves more than $2,000 does not help the situation; it being merely the statement of a legal conclusion drawn by the affiant from the facts before the court, as to which the court must judge for itself.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by the state, on the relation of the Third Ward Poll Tax Association and others, to compel Otto F. Briede, treasurer of the city of New Orleans, to file attested list of taxpayers. Judgment for defendant, and plaintiffs appeal. Dismissed.

George W. Flynn and Rolla Absolam Tichenor, for appellants. Samuel Louis Gilmore,

119 LA.—6

City Atty., and Henry Garland Dupré, Asst. City Atty., for appellee.

PROVOSTY, J. In this suit the Third Ward Poll Tax Association, an unincorporated association, and certain taxpayers seek to compel the treasurer of the city of New Orleans "to file with the clerk of the civil district court for the parish of Orleans, or with the clerk of the criminal district court for the parish of Orleans, or with the board of assessors for the parish of Orleans, a duly attested list of those who have paid their poll taxes during the years 1904, 1905, and 1906; and to file with the board of school directors for the parish of Orleans a list of those who have paid their poll taxes during 1904, 1905, and 1906," all as he is required by law to do.

The complainants allege no other pecuniary interest in the matter than as follows: That the payment of the poll tax is a prerequisite to the right to vote; that the object of the law in requiring the said list to be filed, as is prayed herein, is to afford the public a full opportunity to advise itself of those who have qualified themselves to vote by paying the poll tax, with a view to protecting said list against fraud by enabling steps to be taken if necessary to purge same of spurious and fraudulent names; that the complainants "are interested in the general welfare of the state and of everything that concerns the government of the affairs of the state and of the parish of Orleans," and in the enforcement of the laws governing the primary and general elections to be held in this state.

There was judgment against complainants and they have appealed. The defendant has moved to dismiss the appeal on the ground that the case is not one of those of which this court has jurisdiction irrespective of amount in dispute, and that there is not such an amount in dispute as may give this court jurisdiction.

Manifestly this motion must prevail.

Complainants have filed in this court an affidavit to the effect that the amount involved exceeds $2,000; but that is a mere legal conclusion, and they have not sought to justify it, nor could they.

The case of Young v. Woodside, 52 La. Ann. 593, 26 South. 988, cited by relators, involved the right of a voter to be registered. Between that case and this, analogy is wholly wanting. Moreover, in that case the question of jurisdiction was not raised, and may have escaped the attention of the court. To the writer of the present opinion it appears that, had the question been raised even in that case, the appeal would have had to be dismissed.

Nor is there any more analogy between the instant case and that of Ball v. Cain, 52 La. Ann. 2120, 28 South. 226, also cited by relators. That case involved the mayoralty of the town of Clinton. It is doubtful, also, whether that appeal too would not have been dismissed if the attention of the court had been attracted to the question of jurisdiction.

A case more nearly in point is that of Ryanes v. Supervisor, 112 La. 612, 36 South. 608, where the appeal was dismissed.

Appeal dismissed.