March 7, 1910.

No. 4762.

(Court of Appeal, Parish of Orleans.)

## STATE EX REL. ANDREW J. WILD vs. E. J. TRENCHARD AND G. SINTES.

Chas. Louque for plaintiff and appellant.

A. S. Ponder for defendant and appellee.

ST. PAUL, J.—Defendants are game wardens for the Parish of Orleans, and were appointed to their respective

offices by the State Board of Game Commissioners under the provisions of Section 3 of Act 278 of 1908.

Under Section 4 of said act they hold their office during the pleasure of the Board, and under Section 5 the Board fixes the salary they are to receive, which however, shall not exceed $800.00 per annum. But the evidence taken in the court below fails to show the amount at which their salary has actually been fixed, and this omission has not been supplied on appeal either by affidavit, or by admission, or otherwise.

This is a proceeding by writ of quo warranto wherein relator seeks to oust defendants from their offices, and was filed in the court a qua on February 3, 1909. The proceeding is based on the provisions of Article 319 of the Constitution of 1898 which reads as follows:

"The electors of the City of New Orleans   *   *   * shall have the right to choose the public officers who shall be charged with the exercise of the police power and with the administration of the affairs of said corporation, in whole or in part."

This Court is bound to take notice of "the unappealable amount of the matter in dispute before it" (32 An. 1135), and we are of opinion that we are without jurisdiction in this case.

It is the well settled jurisprudence of this State that except in cases specially mentioned by law, the jurisdiction of appellate courts depends on the pecuniary amount involved. (State ex rel. Third Ward Poll Tax Ass'n. vs. Briede, City Treasurer, 119 La. 161.) And where title to public office is involved the pecuniary value of the office is dependent on the yearly or monthly salary taken in connection with the term of office.

Thus, in State ex rel. McCabe vs. Police Board (No. 2499 of the docket of this court), where the salary

was $1,000.00 per year, or $83.33 per month, and the incumbent held office "during good behavior," it was held by this Court that the amount involved exceeded the uppermost limit of the Court's jurisdiction, $2,000.00. The appeal was, therefore, dismissed, and the Supreme Court refused to interfere with that disposition of the case.

Again, in **State ex rel. Wilkinson vs. Hingle, 123 La. 721,** where the salary was $800.00 per annum, and the term two years, the Supreme Court, **ex proprio motu,** sent the appeal to this Court as involving less than $2,000.00.

In **Gleason vs. Wisdom, 122 La. 374, 122 La. 632** and **Nos. 4420 and 4433** of the docket of this Court, the salary fixed by law was $3,600 per annum; but when suit was filed all but five months of the term had expired.

An appeal having been refused by the District Judge, plaintiff applied to this Court for a mandamus to compel the granting of an appeal; whereupon defendant applied to the Supreme Court for a writ of prohibition against this Court assuming jurisdiction. The writ was refused in accordance with the well-settled jurisprudence that the writ does not lie until a plea to the jurisdiction has been made and overruled in the inferior court.

The jurisdiction of this Court was not thereafter challenged, but the fact that this Court, after having its attention thus drawn to the question of jurisdiction, none the less ordered that the appeal be granted and afterwards entertained it, is equivalent to a ruling that it had jurisdiction. And it may readily be gathered from the two opinions of the Supreme Court in **122 La.** that the conclusion of this Court on that point was correct.

It, therefore, results from these causes that when title to public office is involved, the jurisdiction on appeal is determined by the amount of salary for the unexpired term.

But where an incumbent holds office during the pleasure of the appointing power, it would seem that there is no unexpired term, or term at all, during which the incumbent would be entitled to continue in the office unless disturbed by the suit. Being liable to dismissal at any time there is no basis for calculating the amount involved. For although the rate of compensation be known, the time during which such compensation is to run remains unfixed. In this case, as we have said, not even the rate of compensation is fixed or shown.

But even were we to assume that the incumbents, defendants herein, receive the full amount of salary allowed by law, to-wit: $800.00 per annum (an assumption wholly unwarranted), and were we still further to assume that tenure during the pleasure of the Board was equivalent to tenure during good behavior, thus converting the most uncertain of tenures into the most certain, the amount involved would then come within the ruling in the **McCabe case,** above cited, and would be above the jurisdiction of this Court.

It seems, therefore, to us that this Court is without jurisdiction in this case. And we are also of opinion that no Court has jurisdiction of any appeal in this matter.

Hence, we are constrained to dismiss the appeal.

Appeal dismissed.