(58 South. 148.)

No. 19,333.

CONERLY et al. v. DEMOCRATIC EXECUTIVE COMMITTEE OF VERNON PARISH.

(March 25, 1912.)

*(Syllabus by the Court.)*

COURTS (§ 224*)—SUPREME COURT—JURISDICTIONAL AMOUNT.

Article 85 of the Constitution, which confers appellate jurisdiction on this court, does not include in the grant jurisdiction of cases involving merely title to office or civil or political rights, dissociated from pecuniary value to an amount exceeding $2,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608–618; Dec. Dig. § 224.*]

Appeal from Twelfth Judicial District Court, Parish of Vernon; Don E. So Relle, Judge.

Action by W. W. Conerly and others against the Democratic Executive Committee of Vernon Parish. Judgment for plaintiffs, and defendants appeal. Dismissed.

Hardin & Boyd, for appellants. Sidney I. Foster, for appellees.

MONROE, J. The defendants (and appellants) state their case as follows:

"On February 12, 1912, the Democratic Executive Committee of Vernon Parish met and tabulated the returns of a second primary election, held to select from several wards of the parish nominees of the Democratic party to participate in the general election to be held on April 16, 1912, and, among the nominees to be chosen on said second primary were two nominees for the office of police juror for ward 2, and one nominee for the office of police juror for ward 3, of said parish.

"The committee tabulated the returns of said second primary election and found that the following vote had been cast for police jurors:

| Ward 2. | Thomas J. Addison | 143 |
|---------|-------------------|-----|
|         | W. W. Conerly     | 119 |
|         | P. P. Lamberth    | 82  |
|         | J. M. Marcus      | 141 |
| Ward 3. | S. G. Allardyce   | 73  |
|         | W. D. Cryer       | 61  |
|         | J. J. Hinson      | 52  |

"Upon motion, it was determined that a third primary be held on March 12th, and in said primary, so ordered, the following were to participate: Ward 2: Addison, Conerly, and Marcus; Ward 3: Allardyce and Cryer. The persons who were ordered to run from ward 2 were ordered to deposit with the chairman $43.35 each, and those from ward 3, $82 each, to defray the expenses of said election. * * * Some of the committee, being dissatisfied with the action taken, communicated through the chairman with the Attorney General, and were advised that the candidates who received a plurality in the second primary should be nominated. In accordance with this advice, on March 4, 1192, the committee met and set aside the action had on February 29, 1912, and declared Allardyce the nominee in ward 3 and Marcus and Addison the nominees in Ward 2. * * *

"On March 4, 1912, an application was made to the Twelfth judicial district court of the parish of Vernon, La., by W. D. Cryer of ward 3, and W. W. Conerly of ward 2, the persons opposed to the declared nominees, ordering the committee, Addison, Marcus, and Allardyce to show cause on March 7, 1912, why a writ of mandamus should not issue to compel the holding of a third primary election, ordered by the committee on February 29, 1912, and to tabulate the returns thereof. * * * On the return day, the committee and Allardyce joined in an exception of misjoinder of plaintiff and defendants, * * * and the committee, Marcus, and Addison joined in a like exception. These exceptions having been tried and overruled, all the respondents filed a motion to dismiss the rule as to W. D. Cryer on the ground that the said Cryer did not swear to his petition. * * * This having been overruled, an exception of no cause or right of action was filed by all respondents. * * * This having been overruled, a motion to strike out was filed and disallowed. * * * Respondents then answered, * * * alleging that it acted in the matters complained of in the exercise of its discretion, and such discretion could not be controlled by mandamus. The court tried the case on the issues made up, and made the mandamus peremptory. * * * Respondents took this appeal."

As will be observed, there is no suggestion in the foregoing statement of any "matter in dispute or fund to be distributed, * * * exceeding $2,000, exclusive of interest," and the rest of the transcript is equally barren of such suggestion. We conclude, therefore, that the case involves only certain civil and political rights, which could hardly be appraised in terms of money. But, although the Constitution, art. 109, in specific terms confers upon the district courts, parish of Orleans excepted, "jurisdiction * * * in all cases where title * * * to office or other public position, or civil or political rights" are involved, and, although article

133 confers similar jurisdiction on the civil district court for the parish of Orleans, article 85, which by enumeration of subjects confers appellate jurisdiction on this court, does not include such jurisdiction in the grant, and the court has, on more than one occasion, declined to exercise it. Thus in a case in which a citizen of New Orleans, who was refused registration, was denied a writ of mandamus to compel the supervisor to register him as a qualified elector, his appeal to this court was dismissed for want of jurisdiction, and it was said:

"An appeal is neither a matter of right nor a necessary element of due process of law, but a privilege which it is entirely within the discretion of the state either to grant or withhold. McKane v. Durston, 153 U. S. 687, 14 Sup. Ct. 913, 38 L. Ed. 867. Where a litigation involves civil or political rights, original jurisdiction is conferred, in terms, on the civil district court, without regard to the pecuniary interest at stake (Const. art. 133), but the framers of the Constitution have not thought proper to include such cases within the 'enumeration,' as contained in article 85, of those with respect to which appellate jurisdiction is conferred on this court, or to include them among the special cases relating to registration in which appeals are allowed by article 201." State ex rel. Ryanes v. Gleason, Supervisor, 112 La. 612, 36 South. 608. See, also, State v. Mayer, 117 La. 945, 42 South. 435; State ex rel. Third Ward Poll Tax Ass'n v. Briede, City Treasurer, 119 La. 161, 43 South. 992; State ex rel. Rogers v. Parsons, 120 La. 263, 45 South. 125; State ex rel. Gentry v. Mayor, 121 La. 357, 46 South. 354.

It is therefore adjudged and decreed that the appeal herein be dismissed at the cost of the appellants.