PROVO STY, J.
Plaintiff is a white man. His wife appears to be white, and so does their child. After the child had attended the white schools from the age of 7 to that of 14 she was excluded therefrom by the school board as having negro blood, and this is a suit to compel her reinstatement. The' case does not involve any pecuniary amount, and does not fall in any one of the classes of cases of which jurisdiction is given to this court irrespective of amount. This court, therefore, has no jurisdiction of it. The matter involved in the suit is the civil or political right of the pupil to he admitted into the schools or the same right of the father to have his child so admitted; of suits involving “civil or political rights” jurisdiction is conferred upon the district courts (article 109, Const.), but not upon the Supreme Court (article 85). State ex rel. Ryanes v. Gleason, 112 La. 612, 36 South. 608; State v. Mayer, 117 La. 945, 42 South. 435; State ex rel. Third Ward Poll Tax Ass’n v. Briede, 119 La. 161, 43 South. 992; State ex rel. Rogers v. Parsons, 120 La. 263, 45 South. 125.
Appeal dismissed.
O’NIELL, J., is of the opinion the case should be transferred to the Court of Appeal, as was done in Bloomfield v. Thompson, 134 La. 941, 64 South. 853.