(79 South. 78)

No. 22567.

BILLIOT v. TERREBONNE PARISH SCHOOL BOARD et al.

(April 29, 1918. On Application for Rehearing, May 27, 1918. Rehearing Denied June 29, 1918.)

*(Syllabus by the Court.)*

COURTS ⊚⇒224(9)—JURISDICTION—LOUISIANA SUPREME COURT—AMOUNT.

A mandamus suit by a parent to compel a school board to admit his children to a public school, the matter in dispute being only a civil or political right, is not within the jurisdiction of the Supreme Court, if the right in contest does not exceed $2,000 in value.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; William E. Howell, Judge.

Mandamus by Henry L. Billiot against the Terrebonne Parish School Board and others. Judgment for defendants, and plaintiff appeals. Appeal dismissed.

Harris Gagne, of Houma, and Beattie & Beattie, of Thibodaux, for appellant. J. A. O. Coignet, of Thibodaux, and Foster, Milling, Saal & Milling, of Franklin, for appellees.

O'NIELL, J. This is a mandamus proceeding to compel the school board to admit the plaintiff's children to a public school for white children. The defense is that the plaintiff's children are of the colored race. His demand was rejected, and he prosecutes this appeal. The defendants have moved to dismiss the appeal for want of jurisdiction.

The only matter in dispute, or object of the suit, is the civil or political right claimed for the children to attend the public school. This court has not jurisdiction in such case, if the right claimed and contested does not exceed $2,000 in value. See Oberly v. Calcasieu Parish School Board, 142 La. 788, 77 South. 600.

The plaintiff alleged in his petition that the defendants' refusal to admit his children to a school for white children was a slander of him and the children, and had damaged them to an extent exceeding $2,000. He reserved his right to sue for damages for the alleged slander. The injury suffered in that respect, therefore, is not involved in this suit, and has nothing to do with the value of the matter or right in contest.

The three children for whose benefit this suit is prosecuted are, respectively, 8, 10, and 12 years of age, and have therefore an average term of 8 years to attend a public school. We cannot assume that their tuition would cost $2,000; that is, approximately, $10 a month for each child. Manifestly, however, the right demanded has a pecuniary value, the amount of which may be shown by affidavit. The appellant has filed a motion to have the case transferred to the Court of Appeal, in the event of our finding that we have not jurisdiction. Our conclusion is that we have not jurisdiction of the suit, and that it should be transferred to the Court of Appeal.

It is ordered that this case be transferred to the Court of Appeal for the First Circuit. The appellant is to pay the cost of appeal to this court, all other costs to depend upon the final judgment.

LECHE, J., concurs in the decree.

### On Application for Rehearing.

PER CURIAM. In this case, it is ordered that the decree heretofore handed down be in so far amended as that it is now ordered that the appeal herein be dismissed, instead of being transferred to the Court of Appeal, the right being reserved to the plaintiff to apply for a rehearing, with respect to the amendment so ordered, within the usual delay.

O'NIELL, J., dissents from the amendment of the decree.