OVERTON, J.
Relator addressed a petition to the civil district court for the parish of Orleans, alleging that his mother, Marie Amelia Micaela de Armas, was of pure ’Caucasian blood, and that, notwithstanding, the defendant, in keeping the vital statistics of the city1, has, in making a record of her death, erroneously described her as colored, by inserting the word “colored” after her name. He alleges that he and his wife are of the Caucasian race, and that, unless the error is corrected, it will affect their social and political status, the validity of their marriage, and the legitimacy and standing of their children.' He therefore prays that a writ of mandamus issue, commanding the board of health to correct the alleged error, and that it be forever restrained from asserting that his mother was of the colored race. The trial court issued the writ of mandamus, ordering the defendant to make the correction, or show cause why it should not.. After trial on the merits, judgment was rendered making the writ peremptory. The defendant has appealed.
The appeal was argued on the merits and submitted. Pending a decision, the relator filed a motion to dismiss the appeal, on the ground that this court is without jurisdiction. The appellant contends that this motion should be overruled: (1) Because it comes too late, for the reason that more than three days have intervened between the filing of the transcript and the motion; (2) because this case has been argued and submitted; (3) because the motion trenches on the merits; (4) because relator has answered the appeal without reservation; (5) because by appearance- and answer relator has waived his right to dismiss the appeal; (6) because relator has waived that right by also fixing the appeal for hearing; (7) because this appeal involves the legitimacy of relator and his sister; and (S) because it involves the legitimacy of the children of Samuel Ghessee and his wife, Amelia Michaela de Armas.
It is well established that an appellee cannot, by his delays in filing a motion to dismiss an appeal, or even by consent, vest an appellate court with jurisdiction, when that court has none, and for these reasons the first six grounds urged, as to why the motion to dismiss should not be maintained, with the exception of the third, must be overruled. Johnston v. Cocke, 12 La. Ann. 859 ; Fields v. Gagne, 33 La. Ann. 339 ; Norwood v. Wimby, 104 La. 645, 29 South. 311.
In so far as relates to the third objection to the motion to dismiss, we fail to see wherein the motion trenches on the merits; but, granting that it does, still this would afford no reason to maintain the appeal, if it fails to appear that this court is vested with jurisdiction.
With respect to the seventh and eighth grounds urged, while We have jurisdiction, under section 10 of article 7 of the Constitution of 1921, in suits involving the legitimacy of children, yet the granting of the relief asked for by relator does not depend upon his legitimacy or illegitimacy, or on that of any other children, and hence, with *989 in the sense of the section of the Constitution cited, the question of legitimacy is not involved in this case.
The case involves only "the right to have the alleged error, in the records of the board of health, corrected. It does not involve the validity of relator’s marriage, or the legitimacy of his children. ■ The necessary parties to a suit in which either the validity of the one, or the legitimacy of the other, could be determined, áre not even before the court, and the cause of action alleged is not, such as to make any, one, other than the1 board of health, a necessary party. .
Section 10 of article 7 of the Constitution of 1921 defines the jurisdiction of this court and we find nothing in that section that would justify us in maintaining jurisdiction in this case. The right involved is not such a one as to vest this court with jurisdiction. Oberly v. Calcasieu Parish School Board, 142 La. 788, 77 South. 600 ; Billiot v. Terrebonne Parish School Board, 143 La. 623, 79 South. 78.
For the reasons assigned, the appeal herein is dismissed.