(99 South. 589)

No. 25813.

STATE ex rel. ALLNET et al. v. BOARD OF HEALTH OF CITY OF NEW ORLEANS.

(March 10, 1924.)

*(Syllabus by Editorial Staff.)*

Courts ⬡224(2)—Supreme Court held not to have jurisdiction of appeal in mandamus to change designation in municipal vital statistics from "colored" to "white."

The Supreme Court had no jurisdiction of an appeal by relators seeking to compel by mandamus a city board of health to change certain designations of their ancestors and other blood relatives in its records of vital statistics from "colored" to "white," in view of Const. 1921, art. 7, § 10, providing that the Supreme Court shall have appellate jurisdiction where the amount in dispute shall exceed $2,000 exclusive of interest, and of section 35, relating to the jurisdiction of the district court.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Mandamus by the State, on the relation of Edward Allnet and others, against the Board of Health of the City of New Orleans. Judgment for defendant, and relators appeal. Appeal dismissed, and case transferred to Court of Appeal.

W. B. Hamlin and Woodville & Woodville, all of New Orleans, for appellants.

Loys Charbonnet, of New Orleans, for appellee.

By Division B, composed of DAWKINS. LAND, and LECHE, JJ.

LECHE, J. Relators in this proceeding seek to compel by mandamus the city board of health of the city of New Orleans to change certain designations in its records of vital statistics, from "colored" to "white," of their ancestors and other blood relatives. The

trial court refused to grant their demand, and relators have appealed to this court.

Defendant has filed a motion to dismiss on the ground that the matter at issue is not within our appellate jurisdiction.

Section 10 of article 7 of the Constitution provides that the Supreme Court "shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest. * * *" No money or property is involved in this case. The right which relators seek to vindicate herein is political or civil, and to say that because it is of vital importance to them, and therefore worth more than $2,000, and for that reason, to hold that it comes within the jurisdiction of this court would be to establish a basis of jurisdiction not contemplated by the Constitution. If the value of such a right were intended as constituting a basis of jurisdiction, there would then have been no necessity of expressly mentioning cases involving civil or political rights, in section 35 of the same article, as coming within the jurisdiction of the district court, because jurisdiction would attach as a result of conferring jurisdiction upon that court in all civil matters regardless of the amount in dispute, or the fund to be distributed.

This question has already been passed upon and decided adversely to the contention of appellants in the cases of Thurber v. Board of Health, 153 La. 986, 96 South. 833; Oberly v. Calcasieu, 142 La. 788, 77 South. 600; and Billiot v. Terrebonne, 143 La. 623, 79 South. 78.

For these reasons, the present appeal is dismissed at the cost of appellants, and it is ordered that this cause be transferred to the Court of Appeal for the parish of Orleans, upon appellant's filing the record in said court, as required by law, within 15 days from and after the finality of this decree.