## No. 3764

### Second Circuit

___

## STATE EX REL. JOHNSON v. STEPHENS, JUDGE ET AL.

___

(March 24, 1930. Opinion and Decree.)

___

Breazeale & Hughes, of Natchitoches, attorneys for relator.

Rusca & Cunningham, of Natchitoches, attorneys for respondents.

WEBB, J. The relator, L. H. Johnson, owns and operates a hotel in the city of Natchitoches, in the parish of Natchitoches, La., and relator obtained electric power used in operating the hotel from an electric power plant operated by the city of Natchitoches.

The city rendered relator a bill on November 1, 1929, for service during the preceding month of October, showing a charge of $109.70 for power or current used, and $15 for a "standby" charge from October 14th to November 1st, and relator tendered the amount charged for power or current used, but refused to pay the amount of the "standby" charge. The city refused the tender, demanding that the full amount charged, including the "standby" charge, be paid, and threatened to disconnect its power plant from plaintiff's premises and discontinue the service unless relator would pay the full amount of the bill.

Relator then instituted suit against the city of Natchitoches in the Tenth judicial district court of the parish of Natchitoches, in which he, in substance, set forth the facts above stated, and he further alleged that the "standby" charge was unreasonable and that there was not any ordinance of the municipality authorizing same, and that he would sustain an irreparable injury if the municipality should execute the threat to disconnect its electric plant from the hotel premises, and he prayed that a mandatory injunction issue ordering the municipality to accept the amount tendered for power or current used, and also that the municipality and its officers be restrained and prohibited from disconnect-

ing its electric power plant from the hotel premises, and that on trial the "standby" charge of $15 be declared null and void, and the municipality enjoined from disconnecting its electric plant from the hotel premises.

A rule nisi was issued against the municipality and its officers ordering them to show cause why a preliminary injunction should not be issued restraining and prohibiting them from disconnecting the municipal electric power plant from the hotel premises, and, on trial of the rule, a preliminary injunction was issued.

The defense interposed was, in substance, that Johnson had installed an electric power plant in his hotel and had announced that he would not require power from the municipal plant, except in case of emergency, as where his private plant should break down, or greater power should be required than his plant would generate, and that, by an agreement between the municipality and Johnson, an arrangement was made that the connection between the municipal plant and the hotel premises would be maintained, and that Johnson would pay for that service $30 per month, and for such current or power used by him from the municipal plant at the usual rates.

Defendant further alleged that under its regulations in operating its plant it was known and understood that in event of any one failing to pay the charges for service from its plant the service would be discontinued, and that by reason of the injunction it had been prevented from carrying into effect its regulations, and had been damaged for attorney's fees, and defendant prayed for the dissolution of the injunction with damages for attorney's fees, and that plaintiff's demands be rejected with cost.

On trial the injunction was dissolved, plaintiff's demands rejected, and judgment awarded defendant municipality damages in the sum of $25, attorney's fees, and plaintiff, Johnson, moved for an appeal, suspensive and devolutive, returnable to this court, which was refused.

Plaintiff, Johnson, then applied to this court for the issuance of an alternative writ of mandamus against the judge, to show cause why an appeal should not be granted, and the writ having been issued, it is urged, in answer, that the amount in contest was only $15, which is concededly below the jurisdiction of this court, and it is urged that the appeal was properly refused.

The action was against the municipality, and, under the provisions of sections 35 and 48 of article 7 of the Constitution 1921, district courts are given exclusive original jurisdiction of all civil actions where a municipality is a party defendant, and, under section 29 of article 7 of the Constitution 1921, Courts of Appeal are given appellate jurisdiction of all civil actions of which the district courts have exclusive original jurisdiction of which the Supreme Court is not given jurisdiction.

There is not any suggestion that the Supreme Court has jurisdiction, and even considering that the sole issue raised related to the correctness of the "standby" charge and that the amount involved was only $15, we are of the opinion the appeal should have been granted.

It is therefore ordered that the alternative writ of mandamus issued herein be made peremptory, and accordingly that the judge of the Tenth judicial district court of Natchitoches parish, La., grant relator, L. H. Johnson, an appeal, suspensive and

,devolutive, from the judgment rendered in the cause of L. H. Johnson versus City of Natchitoches, No. 20671, on the docket of said court, returnable to this court according to law, on relator's furnishing appeal bond in such amount as the court may fix and determine.