As was stated in the injunction suit brought by plaintiff against Hayes, Supervisor of Public Funds and others, which suit is being transferred to the Supreme Court, this mandamus suit by the sheriff is to compel the defendant Hayes to return certain books and records of the sheriff's office which he claims that the Supervisor, through his agents and auditors, unlawfully took possession of and has failed and refused to return. The Supervisor in his answer admitted that his agents and auditors had possession of the books and records described in plaintiff's mandamus suit, but he alleged that these records were lawfully in the possession of said agents and auditors for the purpose of making an audit of the sheriff's office as required by law; "that the books, records, and documents were kept with the full knowledge and consent of the said relator herein, Frank M. Edwards, by the agents and employees of your respondent in a desk adjacent to the office of the sheriff and ex-officio Tax Collector, located in the Police Jury Room in the Courthouse at Amite, Louisiana; that on or about the afternoon of July 17, 1941, relator herein, Frank M. Edwards, was interrogated by the representatives of the respondent, the Supervisor of Public Funds, with regard to the records referred to; that thereafter pursuant to custom and with the full knowledge and consent of the Sheriff and Ex-Officio Tax Collector, Frank M. Edwards, relator herein, the records were on June 17, 1941, put in the above referred to desk in the office of the Police Jury with the exception of certain records and documents, a list of which is attached hereto, and made part hereof, and which said documents are now returned herewith and deposited for account of relator with the clerk of this Honorable Court; that said excepted documents were removed to the hotel rooms of the auditors engaged in the audit for the purpose of study after the office in the Courthouse had closed on the afternoon of June 17, 1941; that when the agents and auditors above referred to returned on or about the morning of June 18, 1941, to continue their audit, it was discovered that all of the documents and records left in the above referred to desk in the office of the Police Jury, located in the Courthouse at Amite, had been taken therefrom by persons unknown to your respondent or to his auditors or agents; that, thereupon, report of the disappearance of certain records was verbally made to the plaintiff and was followed up by a letter addressed to him by Mr. Leon Lang, one of said auditors, and handed to him, but that said plaintiff refused to accept said letter and returned the same to the said Leon Lang; that respondent denies any responsibility whatsoever for the disappearance of said records, particularly *Page 632 
denies that any of his auditors had anything to do with the disappearance of same, and as just above stated, he further avers that he returns herewith and deposits with the Clerk of this Honorable Court for the account of plaintiff herein all of the aforesaid excepted records of the plaintiff which were taken to New Orleans after the disappearance of the abovementioned records for the purpose of photo-stating, a detailed list of which is abovementioned and is annexed hereto and made part of this answer."
No other issue is involved in this mandamus suit other than the question of whether or not the Supervisor of Public Funds should be compelled to return and restore the books and records which admittedly disappeared from the police jury room where they had been placed by the auditors as set out in the above quoted part of the answer. No pecuniary value is placed on said records, nor is it alleged or shown that their production or non-production would either relieve or subject the sheriff to any pecuniary liability, and under the authority of the following cases, we conclude that we have jurisdiction in this mandamus suit: State ex rel. Allnet et al. v. Board of Health of City of New Orleans,155 La. 758, 99 So. 589; Billiot v. Terrebonne Parish School Board et al., 143 La. 623, 79 So. 78; Oberly v. Calcasieu Parish School Board et al., 142 La. 788, 77 So. 600.
The evidence shows that the books and records in possession of the auditors which have not been returned disappeared from the police jury room in the courthouse where these records had been placed by the auditors as they quit work on the evening of June 17, 1941. According to the testimony of the auditors, the records were placed in a roll-top desk which desk was not locked. The following morning the records were missing.
There is no evidence to show what became of these missing records, nor is there any evidence to show who was responsible for their removal from the desk in the police jury room. Admitting that the auditors were the last persons having possession of these records before their disappearance, and that they were responsible for their safe keeping and that the records disappeared through some fault or negligence of the auditors while in their possession (on which point we make no finding), still there would be no justification to order by mandamus the Supervisor to return these records, unless it is shown that it is within his power to do so. Regardless of whose fault caused the disappearance of the records, an order for their return could not be directed against the Supervisor to restore them unless it appears that it is within his power to obey the order of the court. See State ex rel. Hillman v. Dubuclet, State Treas., 24 La.Ann. 16.
In a mandamus suit, where a party has been ordered to do a certain thing and does not obey the order of the court, he may be imprisoned until he has rendered obedience to the mandate. Code of Practice, Art. 843. The power of the courts to issue the writ of mandamus must be restricted to the cases in which their authority can be vindicated by the enforcement of the process. Bassett v. School Directors, 9 La.Ann. 513. It does not appear in the present case that the defendant could be forced to restore these records, unless it is shown that he has them in his possession or can procure them, which is not shown to be the case.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby annulled and reversed, and relator's mandamus suit is hereby dismissed at his cost.
LE BLANC, DORE and OTT, JJ., concur.