McBRIDE, Judge.
The plaintiff, John J. Caswell, individually as a registered Democrat, and also in his official capacity as Chairman of the Orleans Parish Democratic Executive Committee, joined by Peter W. Murtes, Salvador Anzelmo, and Rodney A. Buras, as Democratic nominees for the Louisiana House of Representatives — the former from the Thirteenth Ward and the latter from the Seventh Ward, City of New Orleans— instituted these proceedings contesting the eligibility of some twenty named defendants to participate as Republican nominees in the general election to be held April 19,-1960, and from a judgment dismissing their suit on defendants’ exceptions of no cause¡ and no right of action, they (with the ex-, ception of Rodney A. Buras) appealed to the Supreme Court, which court, holding) it was without appellate jurisdiction, transferred the appeal to us. See La., 119 So. 2d 94. In its reasons for making the transfer of the appeal the Supreme Court specifically stated:
“A mere reading of plaintiffs’ petition in the instant case readily discloses that this is not an election contest as contemplated by R.S. 18:364, or R.S. 18:1251, but, instead, as in the Grace case [Grace v. Boggs, 220 La. 22, 55 So.2d 768], a suit having for its object the disqualification of candidates by reason of their alleged ineligibility.”
Under LSA-R.S. 18:364 any candidate for a nomination for any office who claims that but for irregularities or fraud in a primary election, he would have been nominated or that he would have been entitled to enter a second primary is granted the right to judicially contest the election. LSA-R.S. 18:1251 grants to a candidate for any parish, district or municipal office who claims to have been elected the right to judicially contest an election within thirty days after the official promulgation of the results thereof.
We might add neither is this a suit brought under the provisions of LSA-R.S. 18:307, which endows any person who has filed his application to become a candidate in any primary election to object to the candidacy of any other person, and to have the decision or ruling of the committee on said objection reviewed by a court of competent jurisdiction.
Plaintiffs’ suit was met by numerous exceptions filed by the defendants, among which is the exception to the jurisdiction of the court ratione materiae, all of which exceptions were overruled except that of no cause or right of action. The trial judge in his reasons for judgment came to the conclusion that as far as party nominations are concerned, the decision of disputes relative thereto rests with the political party whose nomination is claimed and that the courts are not empowered to interfere in the matter. However, the judge sustained the exception of no cause or right of action and overruled the other exceptions and dismissed the suit.
Pretermitting any question whether the •petition plaintiffs filed discloses a cause or *866 right of action in this proceeding wherein the chairman of a parish executive committee of one political party and certain nominees of said party attack and seek a determination of the eligibility of the nominees of another political party to compete in a general election, we direct our attention to the jurisdiction of the court ra-tione materiae, for if the court lacks the power to hear and determine the subject matter of the litigation, no other issue in the case may be passed upon.
The right of one to contest an election is not a natural right but is one that flows from the Constitution or statutes enacted thereunder. The Constitution of Louisiana in Article 8, § 4, LSA, provides in part as follows:
“The Legislature shall enact laws to secure fairness in party primary elections, conventions, or other methods of naming party candidates. * * * ”
In § 12 of the same article of the Constitution are found these provisions:
“The Legislature shall provide by law for the trial and determination of contested elections of all public officers, whether State, district, judicial, parochial, municipal or ward (except Governor and Lieutenant Governor), which trials shall be by the courts of law, and at the domicile of the party defendant.”
These provisions are not self-operative, but by virtue thereof the Legislature of the state has the constitutional right to provide in what instances, at which times, and in what manner suits looking to the contestation of elections or for the enforcement of political rights may be instituted.
The only statute law of which we are cognizant which permits judicial proceedings to be instituted to determine the eligibility of a candidate or to contest an election is to be found in LSA-R.S. 18 :- 307, 18:364, and 18:1251, heretofore mentioned, and in none of these is the nominee or a member of one political party authorized to bring suit to contest the eligibility of the nominee of another political party in a general election. Nor is a district court vested with jurisdiction over such a contest.
Clearly the above-mentioned sections of the revised statutes are inapplicable and not controlling in the present controversy and do not authorize the court to entertain such a proceeding as is before us. Our jurisprudence has adhered to the doctrine that all elections and all matters relating to political rights strictly belong to the political department of the government, and are therefore beyond the control of the judicial power in the absence of special constitutional or statutory authority. No one may invoke the aid of the courts in an election contest unless some express law vests the courts with jurisdiction and confers such right of action upon the plaintiff. State ex rel. Le Blanc v. Democratic State Central Committee, 229 La. 556, 86 So.2d 192; Reid v. Brunot, 153 La. 490, 96 So. 43.
It is argued on behalf of appellants, however, that whereas Article 7, §§ 81, 35 confer on the Civil District Court for the Parish of Orleans original jurisdiction in all cases where “the right to office, or other public position, or civil or political rights are involved”, the court is authorized to take cognizance of the instant suit. Merely because the Constitution established jurisdiction of the Civil District Court over cases wherein the right to office or political rights are involved does not mean that the court would have jurisdiction to entertain any sort of suit involving contests for office or political rights, but that the jurisdiction conferred merely applied to that class of suits in political matters which the Legislature of the state authorized.
Appellants extract certain language used by the Supreme Court in State ex rel. Ryanes v. Gleason, 112 La. 612, 36 So. 608, as follows:
*867 “ * * * Where a litigation involves ‘civil or political rights,’ original jurisdiction is conferred, in terms, on the civil district court, without regard to the pecuniary interest at stake * *
The argument is made that such expression of the Supreme Court demonstrates that the Civil District Court would have power to adjudicate election contests and political rights without regard to the nature thereof and that the case before us is cognizable by said court.
Counsel have misconstrued the language used by the court. All that was involved in State ex rel. Ryanes v. Gleason was the question whether the Supreme Court could entertain the appeal. The relator in said case complained that he had been denied the right to register and sought relief by way of mandamus to have his name inscribed upon the registration books. The trial judge sustained an exception defendant filed and dismissed the suit and from the judgment the relator appealed. The Court held that it had no appellate jurisdiction as such a case as was before it was not contained in the “enumeration” of the cases in which appeals lie to the Supreme Court under Article 85 of the provisions of the then prevailing Constitution, mentioning that where a litigation involves civil or political rights, original jurisdiction is conferred on the district court without regard to the amount involved, but that with respect to appellate jurisdiction, such cases as are enumerated in Article 85 of the Constitution are the only ones in which an appeal may be taken to the Supreme Court.
It is our conclusion, therefore, that the court below was without jurisdiction of the subject matter of the controversy herein, and that the exception to its jurisdiction ratione materiae should have been maintained and the suit dismissed.
For the reasons above assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended so as to read: “It is ordered that the exception to the jurisdiction of the court ratione ma-teriae be maintained and that plaintiffs’ suit be dismissed at their cost.” And as thus amended, the judgment is affirmed.
Amended and affirmed.