PER CURIAM.
By this suit the plaintiff prays that a writ of mandamus issue to the respondent Clerk of Court ordering him to issue subpoenas for certain witnesses. (In a pending other civil suit, the Clerk had refused to issue these subpoenas unless the plaintiff first deposited certain funds with him.) The respondent Clerk appeals from judgment ordering him to issue such subpoenas.
The plaintiff-appellee has filed in this Court a motion to dismiss the appeal, urging that we are without appellate jurisdiction because the matter at bar is a civil controversy involving less than one hundred dollars.
Under Article VII, Section 29, Louisiana Constitution, LSA, the courts of appeal have appellate jurisdiction, inter alia, of:
“ * * * all civil and probate matters of which the district courts throughout the state have exclusive original jurisdiction; and all civil matters involving more than one hundred dollars, exclusive of interest, of which the district courts throughout the state have concurrent jurisdiction.” (Italics ours.)
*757 Thus, even though the present record nowhere reflects any monetary value to be placed on the right of the plaintiff to have the witnesses subpoenaed, nevertheless this court does have appellate jurisdiction of the case if it is one of which the district courts are given exclusive original jurisdiction.
The district courts (Orleans Parish excluded) have concurrent jurisdiction with the justices of the peace in civil matters when the amount in dispute does not exceed one hundred dollars, exclusive of interest. Article VII, Sections 35 and 48, Louisiana Constitution. On the other hand, the district courts have exclusive jurisdiction in all cases, inter alia, where “civil or political rights are involved, and in all cases where no specific amount is in contest * * Article VII, Section 35, Louisiana Constitution.
It has consistently been held that the courts of appeal have appellate jurisdiction in mandamus suits involving the enforcement of civil or political rights, without reference to any showing of pecuniary value. Montegut v. Louisiana State Board of Dentistry, 219 La. 307, 52 So.2d 862; State ex rel. Treadaway v. Louisiana State Board of Health, 218 La. 752, 51 So.2d 41; Allnet, et al. v. Board of Health of City of New Orleans, 155 La. 758, 99 So. 589; Billiot v. Terrebonne Parish School Board, et al., 143 La. 623, 79 So. 78; Oberly v. Calcasieu Parish School Board, et al., 142 La. 788, 77 So. 600; and Edwards v. Hayes, La.App. 1 Cir., 7 So.2d 630. (Similarly, for instance, jurisdiction has been held to be vested in the intermediate appellate courts of appeals in injunction suits, based upon the premise that such suits involve civil rights without pecuniary value. Gasoline Plant Construction Corporation v. Blair, La.App. 1 Cir., 38 So.2d 657, and cases cited therein; ct. also, State ex rel. Johnson v. Stephens, 2 Cir., 13 La.App. 68, 127 So. 103.)
For the reasons herein assigned, the motion to dismiss this appeal is hereby denied.
Motion to Dismiss Appeal Denied.