STOULIG, Judge.
This is an appeal from a judgment dismissing plaintiff’s suit to disqualify two certain commissioners (Messrs. Felix Cer-ami and Farrel Weber) selected to serve in a School Board Election to be held in St. John the Baptist Parish on August 19, 1972.
Plaintiff initially lodged his objections with the Parish Democratic Committee contending that these commissioners were not submitted by the candidate, Thomas Stayton, but by another person, and that the list did not set forth their addresses, wards, and precincts. It is urged that this nonobservance of these specific requirements of LSA-R.S. 18:304(1) rendered these proposed commissioners ineligible to serve.
The protest was disallowed and plaintiff appealed the committee ruling to the district court, in which proceeding only the Democratic Executive Committee was made a party defendant. Exceptions of no right of action, no cause of action, nonjoinder of an indispensable party, and an answer were filed on behalf of the Committee but the merits of these responsive pleadings were never considered. After determining that the list of proposed commissioners furnished by appellant also did not comply with the statute, for it too omitted the ward and precinct designations, the trial judge dismissed the plaintiff’s suit on the grounds that the court was without jurisdiction to hear the matter. In his reasons for dismissal, the trial judge stated: “Primary election contests are sui generis and jurisdiction to entertain such suits is limited to cases where the contestant brings himself within provisions of primary law.” He relied on the case of State ex rel.: Burg v. Folse, 17 So.2d 32. We concur in this result.
We subscribe to the rationale of the Louisiana Supreme Court in State ex rel.: Fred S. LeBlanc v. Democratic State Central Committee et al and State ex rel.: Dave L. Pearce v. Democratic State Central Committee et al, 29 La. 556, 86 So.2d 192, page 198, wherein the Court stated:
“[9] It is a well settled and established principle of law that in the absence of constitutional or statutory prohibition all elections and nominations as well as other matters relating to or affecting the same are governed by political parties and are, therefore, beyond judicial control. This doctrine was clearly announced in the case of Reid v. Brunot, 153 La. 490, 96 So. 43. In that case we took cognizance of the doctrine that political rights being defined to be rights exercisable in the administration of government and being opposed to civil rights which broadly comprehended all rights accorded to every member, such political right is not a natural right but exists, if at all, in the Constitution or statutes.”
In Caswell v. Hoft, 119 So.2d 864 (Orl.App.1960), after alluding to the jurisprudence expressed in the LeBlanc and Pearce cases, supra, and Reid v. Brunot, 153 La. 490, 96 So. 43 (1923), this court declared:
“Our jurisprudence has adhered to the doctrine that all elections and all matters relating to political rights strictly belong to the political department of the government, and are therefore beyond the control of the judicial power in the absence of special constitutional or statutory authority. No one may invoke the aid of the courts in an election contest unless some express law vests the courts with jurisdiction and confers such right of action upon the plaintiff.”
The only statutory authority we are able to find which authorizes the filing of election contests, thereby conferring jurisdiction on the district court to entertain such *657 a proceeding, is set forth in LSA-R.S. 18:-307, 18:364, and 18:1251. A reading of these statutes reflects that R.S. 18:307 and 364 apply to Primary Elections, while R.S. 18:1251 is applicable to General Elections.
Section 307 covers the objection to the candidacy of a person and prescribes a rigid schedule of delays to which the proceeding must conform. For obvious reasons the issue of qualifications must be resolved prior to the holding of the election, and this is the only instance in which the statute ordains that this result must obtain prior to the election.
Section 364 addresses itself to an election contest based on fraud or irregularity at a Primary Election. Appellant’s complaint relative to the selection of these commissioners would fall within the scope of an irregularity as contemplated by this statute. However the jurisprudence construing this section has uniformly held that a suit cannot be instituted until after the election is conducted, and then only in the event the alleged irregularity would change the outcome of the election and deprive the complainant of his right to the nomination. Treadaway v. Plaquemines Parish Democratic Executive Committee, 193 So. 609 (Orl.App.1940); State ex rel.: Burg v. Folse, supra.
Though R.S. 18:1251 pertains exclusively to election contests in a General Election, the courts have interpreted its legal effect in the same manner as § 364 requiring a post-election proceeding coupled with a denial of an elected office, with the only distinction being that this proceeding is treated as an ordinary action.
We are confronted with appellant’s argument that if the courts lack jurisdiction to consider irregularities of the Parish Executive Committees in primary elections, then a candidate would have no remedy for redress of any wrong committed.
This contention is answered in the case of Burg v. Folse, supra, where the court reasoned that it will not entertain such suits unless it is shown that the matters complained of would have changed the result of the election. The court cited Landry v. Ozenne, et al, 194 La. 853, 195 So. 14.
Because the election will not take place until August 19, 1972, we necessarily cannot ascertain whether the irregularities complained of by plaintiff would have changed the result, but we are constrained to conclude under the existing jurisprudence that plaintiff’s complaint must await the outcome of this election and his suit is therefore premature.
For the foregoing reasons we are of the opinion that the trial judge properly dismissed this matter for want of jurisdiction. The judgment is affirmed.
Affirmed.
GULOTTA, J., concurs with written reasons.